IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FREE KICK MASTER, LLC, | ) | CASE NO. 1:15 CV 727 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| APPLE INC., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants Apple, Inc. ("Apple"), Amazon.com, Inc. ("Amazon"), Google Inc. ("Google"), and Samsung Electronics America, Inc's ("Samsung") Motions to Transfer the action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1404(a) and/or 1406, or in the Alternative, to Dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF # 16, 17, 29).

**FACTUAL BACKGROUND**

Plaintiff Free Kick Master, LLC brought this action against Apple, Amazon, Google, and Samsung on April 14, 2015 alleging five claims against all defendants: (1) trademark infringement under 15 U.S.C. § 1114 of the Lanham Act; (2) false designation of origin under 15 U.S.C. § 1125(a) of the Lanham Act; (3) deceptive trade practices under Ohio Revised Code §§ 4165.01, et seq.; (4) unfair competition and injury to business reputation under Ohio common law; and (5) a claim for "injunctive relief." (ECF # 11, ¶ 30, 32, 38, 41, 43). Plaintiff is a limited liability company formed and existing under the laws of the State of Nevada, with its principal places of business in the States of Nevada and California. (ECF # 11, ¶ 1).

Plaintiff alleges that Defendant Apple is a corporation formed and existing under the laws of the State of California with its principal place of business in the State of California, and with a State of Ohio statutory agent. (ECF # 11, ¶ 2). Plaintiff alleges that Defendant Amazon is a corporation formed and existing under the laws of the State of Delaware with its principal place of business in the State of Washington. (ECF # 11, ¶ 3). Plaintiff alleges that Defendant Google is a corporation formed and existing under the laws of the State of Delaware, with its principal place of business in the State of California, and with a State of Ohio statutory agent. (ECF # 11, ¶ 4). Plaintiff alleges that Defendant Samsung is a corporation formed and existing under the laws of the State of Delaware with its principal place of business in the State of New Jersey, and with a State of Ohio statutory agent. (ECF # 11, ¶ 5). Plaintiff alleges that all four defendants conduct significant business in the State of Ohio and most, if not all, other states in the United States. (ECF # 11, ¶ 6). The Complaint alleges that the basis for venue in this Court is 28 U.S.C. 1391(b) and (c). (ECF # 11, ¶ 10).

Defendants have filed motions to dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, or in the alternative, to transfer the action to the United States District Court of the Northern District of California pursuant to 28 U.S.C. §§ 1404(a) and/or 1406 for convenience of the parties. (ECF # 16, 17, 29). The Plaintiff opposes each of the defendants' Motions to Transfer respectively. (ECF # 25, 26, 31).

## DISCUSSION

Defendants move to transfer venue pursuant to 28 U.S.C. § 1404(a). The decision of whether a motion to transfer venue pursuant to § 1404(a) should be granted is within the sound discretion of the trial court. *See Central States, Southeast & Southwest Areas Health & Welfare*

*Fund v. Guarantee Trust Life Insurance Co.*, 8 F.Supp.2d 1008, 1010 (N.D. Ohio 1998).

Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In making a decision on a motion to transfer, courts examine the following factors: convenience of the parties, convenience of the witnesses and the interests of justice. *Central States, Southeast & Southwest Areas Health & Welfare Fund*, 8 F.Supp.2d at 1010. While a plaintiff's choice of forum is generally entitled to substantial weight, that choice is given less consideration if a plaintiff chooses a forum that is not the plaintiff's residence. *Id.* Because the Defendants are the party requesting the transfer, they "bear[] the burden of proof to show the factors weigh 'strongly' in favor of transfer." *Picker Int'l, Inc. V. Travelers Indem. Co.*, 35 F.Supp. 2d 570, 573 (N.D. Ohio 1998) (citing *Bacik v. Peek*, 888 F.Supp. 1405, 1414 (N.D. Ohio 1993)); *see also Jeffrey Mining Prods. V. Left Fork Mining Co.*, 992 F.Supp. 937, 938 (N.D. Ohio 1997) ("For a proper transfer in the Sixth Circuit, the balance of all relevant factors must weigh 'strongly in favor of transfer.'").

There appears to be no connection whatsoever between the several parties and the Northern District of Ohio.[1] The only apparent connection between this case and the Northern

---

[1] Plaintiff contends that all of the defendants possess the requisite minimum contacts in the State of Ohio due to purposeful availment. This argument, however, is without merit because the degree of contacts in wholly irrelevant in a § 1404(a) motion to transfer. Defendants' motions to transfer do not argue that there is no personal jurisdiction in the Northern District of Ohio or that venue is improper, but rather that there is absolutely no reason for the adjudication to take place in a venue that is completely inconvenient for all parties and potential witnesses.

District of Ohio is that Plaintiff's counsel is located there. Review of the Amended Complaint indicates that the Plaintiff is a Nevada limited liability company with principal places of business in Nevada and California.[2] Plaintiff has no apparent business operation in or other connections to the Northen District of Ohio. None of the defendants are residents of the Northern District of Ohio: Apple is a California corporation with a principal place of business in Northern California; Amazon is a Delaware corporation with a principal place of business in Seattle, and operations in California; Google is a Delaware corporation with a principal place of business in Northern California; and Samsung is a Delaware corporation with a principal place of business in New Jersey. Defendants Amazon and Google do not even conduct any activities relating to their respective app stores in the Northern District of Ohio.

Plaintiff's claims against all of the defendants relate to witnesses and evidence outside of the Northern District of Ohio.[3] Plaintiff's own witnesses and documents are likely to be located in Plaintiff's principal place of business in Nevada and California. None of the personnel or records related to Defendants Apple, Amazon, Google, or Samsung's alleged infringements are

---

2

In its response to Samsung's motion to reschedule the case management conference, Plaintiff reaffirmed that its principals reside far outside the Northern District of Ohio, stating that its principals are flying to Cleveland from Spain and Los Angeles.

3

Plaintiff attempts to minimize the significance of this inconvenience. Plaintiff contends that "in this electronic age, it would seem illogical that almost any and all documents, discovery, and electronic records could be very quickly transmitted electronically. [sic] without regard to borders. Also, teleconferencing and video technologies can serve to reduce or eliminate the expense and inconvenience of travel." While it is true that modern technology alleviates inconvenience, it by no means eliminates the inconvenience in litigating a case across the country. Further, while Plaintiff suggests that the inconvenience may not be terrible, Plaintiff neglects to propose any legitimate reason as to why this case belongs on the opposite side of the country of all of the litigants, witnesses, and evidence.

located in the Northern District of Ohio. Defendant Apple manages the App Store service at its headquarters in Cupertino, California. To the extent any of Apple's witnesses or documents are relevant to this action, they would be located in Apple's resident forum, the Northern District of California. Compared to its several facilities throughout California with approximable 1,000 employees, Defendant Samsung also has no facilities in Ohio. Defendant Amazon's Appstore is managed from its headquarters in Seattle, over 200 employees who work on Appstore are located in Irvine, California, and Amazon's records related to Appstore are located in Seattle and in Irvine, California. The flight from Seattle to San Francisco, in the Northern District of California, takes just over two hours. From Seattle to Cleveland, however, there is only one nonstop flight per day, and it takes nearly four and a half hours.

The judicial interest in resolving local controversies locally weighs heavily towards transferring this action to the Northern District of California. As discussed, this action is not connected to the Northern District of Ohio, whereas it is very much connected to the Northern District of California. Aside from alleging that Defendants conduct significant business in the computer and telecommunications industry in the State of Ohio, Plaintiff's Amended Complaint does not include any allegations that are specific to Ohio. Because this action has no connection to this District, none of this District's interests in resolving local controversies come into play. Additionally, if an injunction is awarded, as Plaintiff requested, much of it will have to be administered in the Northern District of California. A court residing in the Northern District of California will be better placed to oversee that injunction.

The Northern District of California is clearly a more convenient forum in which to litigate this action. Not a single party resides in the Northern District of Ohio, nor are there any

allegations to suggest that any of the operative facts occurred in this District. In contrast, two of the defendants, Google and Apple, have their principal places of business in the Northern District of California. Further, the remaining two defendants, Amazon and Samsung, have operations in California and have consented to have this case proceed in the Northern District of California. Lastly, one of the Plaintiff's principal places of business is in California. For unknown reasons Plaintiff prefers venue in the Northern District of Ohio, however, it is clear from the face of the Complaint that venue more properly lies in the Northern District of California. Because these factors all weigh in favor of transfer, and because the Defendants have fulfilled his burden of establishing that venue is appropriate in the Northern District of California, transfer is appropriate. *See MedQuist MRC, Inc. v. Dayani*, 191 F.R.D. 125, 127 (N.D. Ohio 1999).

After carefully weighing the relevant factors, the Court determines that the balance weighs in favor of transferring this action to the United States District Court for the Northern District of California. Accordingly, Defendants Motions to Transfer Venue pursuant to 28 U.S.C. § 1404(a) is GRANTED. The Clerk of Courts is directed to transfer this action to the United States District Court for the Northern District of California. IT IS SO ORDERED.

_/s/ Donald C. Nugent_
Donald C. Nugent
UNITED STATES DISTRICT JUDGE

Date: July 20, 2015