**EUGENE S. ALKANA  State Bar No.  60411**

131 North El Molino Avenue Suite 310

Pasadena, California 91101

626-796-8170  FAX:  626-795-6138

eugenealkana@mindspring.com

Counsel for **PLAINTIFF FREE KICK MASTER, LLC**

### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | | |
|---|---|---|
| **FREE KICK MASTER, LLC,** | ) | CASE   4:15 cv 03403 |
| 9107 Wilshire Blvd. #450 | ) | |
| Beverly Hills, California 90210 | ) | **JUDGE  DONNA RYU** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MAGISTRATE  JUDGE** |
| vs. | ) | |
| | ) | **SECOND AMENDED COMPLAINT** |
| **APPLE- (I-tunes) , Inc.** | ) | **FOR INJUNCTIVE RELIEF AND** |
| APPLE | ) | **MONEY DAMAGES:** |
| 1 Infinite Loop | ) | **(1) TRADEMARK FRINGEMENT;** |
| Cupertino, California 95104. | ) | **(2) FALSE DESIGNATION OF** |
| | ) | **ORIGIN;** |
| and | ) | **(3) STATE COMMON LAW** |
| | ) | **TRADEMARK INFRINGEMENT**; |
| **AMAZON** | ) | **(4) UNFAIR COMPETITION UNDER** |
| Corporation Service Company | ) | **CAL. BUS. AND PROF. CODE** |
| 300 Deschutes Way SW, Suite 304 | ) | **##17200 ET SEQ.;** |
| Seattle, Washington 98501 | ) | **(5) FALSE ADVERTISING UNDER** |
| | ) | **##17500 ET SEQ.** |
| and | ) | |
| | ) | |
| **GOOGLE, Inc.** | ) | |
| Google Mountain View | ) | |
| 1600 Amphitheatre Parkway | ) | |
| Mountain View, California 94043. | ) | |

**SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**
    **FILED BY FREE KICK MASTER LLC 4:15 cv 03403**

|  |  |
|---|---|
| and | ) |
|  | ) |
| **SAMSUNG** | ) |
| Samsung Electronics America, Inc. | ) |
| 105 Challenger Road | ) |
| Ridgefield Park, New Jersey 07660. | ) |
|  | ) |
| Defendants. | ) |

<u>**SECOND AMENDED  COMPLAINT FOR INJUNCTIVE RELIEF<br>AND  MONEY  DAMAGES**</u>

**(Jury Demand Endorsed Hereon)**

Plaintiff Free Kick Master, LLC, by Counsel and for its Complaint, alleges as follows:

<u>**The Parties**</u>

1. Plaintiff Free Kick Master LLC is a limited liability company formed and existing under the laws of the State of Nevada, with its principal places of business in the States of Nevada and California.

2. Upon information and belief, Defendant Apple (I-tunes), Inc. is a corporation formed and existing under the laws of the State of California with its principal place of business in the State of California at 1 Infinite Loop Cupertino, California 95104.

3. Upon information and belief, Defendant Amazon is a corporation formed and existing under the laws of the State of Delaware with its principal place of business in the State

of Washington at 410 Terry Ave. North Seattle, Washington 98109.

4. Upon information and belief, Defendant Google, Inc., is a corporation formed and existing under the laws of the State of Delaware, with its principal place of business in the State of California at 1600 Amphitheatre Parkway Mountain View, California 94043.

5. Upon information and belief, Samsung Electronics America, Inc., (Samsung) is a Corporation formed and existing under the laws of the State of New York with its principal place of business in the State of New Jersey at 105 Challenger Road Ridgefield Park, New Jersey 07660.

6. Upon information and belief, all four Defendants conduct significant business in the computer and telecommunications industry in the State of California and most, if not all, other states in the United States, as well as in many foreign countries..

### Jurisdiction and Venue

7. This action arises under the trademark law of the United States, the Lanham Act 15 U.S.C. 1051, et seq., and under the statutory and common law of the State of California.

8. Federal question jurisdiction is conferred pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1338(a), and 15 U.S.C. 1121 (a).

9. Subject matter jurisdiction over the claims brought under state statutory and common law is conferred pursuant to 28 U.S.C. 1338(b) and 28 U.S.C. 1367(a).

Venue in this court is based on 28 U.S.C. 1391(b) and (c).

## Factual Background

10. On 1/19/2007 Registrant S. L. Serauxi filed for registration of the trademark FREE KICK MASTER. It was given application serial number 77087178.

11. On 10/30/2007 the FREE KICK MASTER mark was registered with registration number 3322947. (**See Exhibit I**)

12. On 3/10/2008, Registrant S. L. Serauxi assigned his entire interest in the trademark to Plaintiff Free Kick Master Limited located in Suite 7 Hadfield House Library Street, Gibraltar.

13. On 10/11/2013 Free Kick Master Limited assigned its entire interest in the trademark to Plaintiff Free Kick Master, LLC, a Nevada Corporation.

14. Plaintiff Free Kick Master LLC is the current owner of the FREE KICK MASTER mark.

15. The FREE KICK MASTER trademark is registered in the European (EU) Office for Harmonization (#4644671). (**See Exhibit II).**

16. The FREE KICK MASTER trademark was intended for use by Free Kick Master LLC in the production of television shows and sports movies, radio and television programs, namely sports program production, film production, organization of sports events, and organizing sporting events, including soccer football games..(**See Exhibit I,** trademark

information). (See also **Exhibit III**, a history of Free Kick Master Event found on **Wikipedia**). The FREE KICK MASTER mark was intended to extend to the production of computer games and applications. This is evidenced by the registration of the FREE KICK MASTER JUNIOR trademark on March 27, 2008, well before the downloads offered by the four Defendants in this matter. .(See **Exhibit IV,** FREE KICK MASTER JUNIOR trademark information). This trademark provides for use in "board games: Toy, namely battery powered computer game with LCD screen which features animation and sound effects."

17.  Defendant Apple (I-Tunes) operates a business called the "App Store.." The App Store is a service that allows users to download applications and programs developed by Defendant Apple and third party developers for use on Apple I-phones and other Apple devices.

18. There is evidence that Apple has provided the "Free Kick Master" game from its App Store on i-Tunes. This game is available on the internet for anyone interested in playing it. This application (game) has been available since 2011. In fact, it has even been provided for free. (**See Exhibit V).** Plaintiff never gave Apple permission for its trademark to be used on this game.

19. Defendant Amazon operates a marketplace, the "Amazon Appstore," , through which owners of Kindle "Fire" devices can purchase programs or "apps" to use with those devices. Amazon, advertises the Free Kick Master Challenge APK for Kindle, as the " Top APK" for Kindle Fire. **See Exhibit VI**.. These games are also a click away for users

5
**SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
FILED BY FREE KICK MASTER LLC 4:15 cv 03403**

for its trademark to be used in connection with those downloads.

20. Defendant Google, Inc., operates Google Play, a distribution platform that was created and operates to serve as the marketplace and office online store to purchase applications for the Android operating system.  Google allows developers of apps (programs) for Android mobile devices to distribute those apps, including  "Free Kick Master" apps, to android device users.  Google has never asked permission from Plaintiff to distribute "Free Kick Master" apps to its customers for free or otherwise.. **(See Exhibit VII).**

21. Upon information and belief, Defendant Samsung sells many electronic devices and products on the internet and in stores and electronics outlets.

22. Defendant Samsung  advertises downloads of the "Free Kick Master" Android game It is even offers the downloads for free.  **(See Exhibit VIII).**   In particular, the first and second pages of **Exhibit VIII** features "Free Kick Master League  for Samsung" along with a picture of a soccer ball and net and a button for immediate download to a Samsung phone.

23. Defendants Apple, Amazon, Google, and Samsung's,  use, sale, distribution, and /or promotion of the various "FREE KICK MASTER" apps and games  in the State of California and the rest of the world is without authorization or consent from the Plaintiff.

24. Defendants' use, distribution, and/or promotion of  "Free Kick Master" apps and games  causes a likelihood of confusion, mistake or deception in the minds of the public.

25. This confusion arises because the "Free Kick Master" mark owned by Plaintiff Free Kick Master LLC happens to be *identical* to the names of the "Free Kick Master" games marketed and distributed by all four Defendants. The illustrations provided in conjunction with these games show soccer balls, soccer players, and other football themes. (See **Exhibits II, V, VI, VII, VIII**)

26. A FREE KICK MASTER event was held on July 5, 2008 at Reliant Stadium in Houston, Texas. This event was planned and developed by Free Kick Master, LLC. The event featured some of the most well known and recognized soccer and football players from around the world. **(See Exhibit IX, License agreement and Player list).** Upon knowledge and belief, the event was attended by over 45,000 spectators at the stadium and broadcast in 190 countries and territories by IMG/FOX SPORTS INTERNATIONAL TV in direct transmission and via "Futbol Mundial" and "Trans World Sports" TV programs...

27. The format, player positions, and rules of play of the "Free Kick Master" "apps" sold and provided free of charge by all four Defendants are uncannily similar to the format, player positions, and rules of the original FREE KICK MASTER event held on July 5, 2008 at Reliant Stadium in Houston Texas..

28. A FREE KICK MASTER event (using the 2008 format) was to be held in 2010 at the MGM Grand Garden Arena, in Las Vegas, Nevada, but was cancelled when MGM began

7

**SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FILED BY FREE KICK MASTER LLC 4:15 cv 03403**

facing Bankruptcy issues. **(See Exhibit III,** history on **Wikipedia).** See also, **Exhibit X**, License Agreement with MGM, The planning of the event included participation agreements with various well known players **(Exhibit XI)** and agreements with broadcasters such as CBS Sports and Home Box Office (HBO) Sports . **(Exhibit XII).**

29. A 2012 FREE KICK MASTER event in Buenos Aires,. Argentina, was in the planning stages, with many famous soccer players making commitments to participate in the game. **(Exhibit XIII)**

30. Plaintiff Free Kick Master LLC had developed a board game. Plaintiff Free Kick Master was instrumental in the development of the "Michael Ballack Edition" of a Free Kick Masters Junior electronic game. Plaintiff Free Kick Master had also developed a line of watches, as well. **(See Exhibit XIV).**

31. A FREE KICK MASTER event was to be held in 2013 at the SunLife Stadium in 2013. (**See Exhibit XV).** This event was never held because sponsors withdrew support, in part, indicating that the prospects for profit from development of FREE KICK MASTER computer games and "apps" would not be profitable since companies like the instant Defendants were already providing Free Kick Master apps and downloads mimicking the previous FREE KICK MASTER sporting events described above.

32. A FREE KICK MASTER event (2014 copyright) was in the planning stages. **(Exhibit XVI),** along with rules governing the games, physical board games, electronic

**8**
**SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**
**FILED BY FREE KICK MASTER LLC 4:15 cv 03403**

games, watches, and other memorabilia.. Interest in the event has been expressed, by the Singapore Sports Hub in the Country of Singapore. **(Exhibit XVII).**

33.  Upon information and belief, Plaintiff asserts that its past and current plans for FREE KICK MASTER live events and sales of FREE KICK MASTER products such as board games and video games, as well as FREE KICK MASTER memorabilia have been, and will continue to be, thwarted by the actions of the Defendants. Attempts to communicate with Defendants have been fruitless.  Plaintiff's attempts to communicate (for example, with Defendant Samsung **(Exhibit XVIII)**), have been ignored.  Plaintiff has good reason to believe that Defendants will continue advertising, selling, and even providing free downloads of "Free Kick Master" for the foreseeable future.

## Count I  -- Trademark Infringement

34. Plaintiff incorporates as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

35.  For the reasons above, all four Defendants' use of the FREE KICK MASTER mark constitutes an infringement of Plaintiff's' registered trademark and causes a likelihood of confusion mistake, and deception to the public, causing irreparable harm to the Plaintiff for which there is no adequate remedy at law.

36. Upon information and belief, Defendants' acts have been willful, deliberate, and

and intended to interfere with Plaintiff's use and intended use of the FREE KICK MASTER mark.  To add insult to injury,  the downloads have been offered at no cost.

37. By reason of the foregoing acts, Defendants are all jointly and severally liable for trademark infringement under 15 U.S.C. 1114.

## Count II --  False Designation of Origin under the Lanham Act

38. Plaintiff incorporates as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

39. This count arises under Section 43(a) of the Lanham Act 15 U.S.C. 1125(a).

40. All four of the Defendants' uses of the FREE KICK MASTER mark causes a likelihood of confusion, mistake, and deception among the public and others as to the origin of the mark as more fully described above.

41. The public and others are likely to believe that the Defendants' goods and services are provided by, sponsored by, approved by, licensed by, affiliated with, or in some other way legitimately connected with the Plaintiff, which has caused, and will cause damage and injury to the Plaintiff, in terms of its ability to promote its FREE KICK MASTER sporting events and  various computer "apps" and games derived therefrom..

42. Defendants will continue to infringe upon the FREE KICK MASTER mark absent an injunction.

There is no adequate remedy at law and, consequently, an injunction protecting Plaintiff's rights is proper.

### Count III – Injunctive Relief

43. Plaintiff incorporates as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

44. Plaintiff is entitled to preliminary and permanent injunctive relief enjoining the Defendants from infringing the FREE KICK MASTER mark.

45. Plaintiff is likely to succeed on its claims because there is a strong likelihood of confusion to customers and consumers.

46. If Defendants are not enjoined, Plaintiff will suffer irreparable harm, including loss of business opportunities, good will, and competitive advantage, for which there is no adequate remedy at law.

47. The potential injury to Defendants is minimal and does not outweigh the potential Injury to Plaintiff if the Defendants are not enjoined.

### Count IV – State Trademark Infringement

48. Plaintiff incorporates as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

49. Defendants' Apple's, Amazon's, Google's, and Samsung's acts complained

of above constitute trademark infringement under the common law of the State of California.

50. All four Defendants' conduct as alleged above has damaged and will continue to damage Plaintiff's Free Kick Master LLC's goodwill and reputation and has resulted in a loss of revenue and business opportunities for past and future production of sporting events and products stemming therefrom, and has resulted in a loss of revenue to Free Kick Master LLC in an amount to be determined.

51. Defendants' acts complained of herein constitute malice, oppression, and/or fraud, thus entitling Plaintiff to recover punitive damages.

## Count V – California Bus. & Prof. Code  Sec. 17200 et seq.

52. Plaintiff incorporates as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

53. The Defendants' conduct as alleged above in this Complaint constitute unfair, unlawful, and fraudulent business acts or practice as defined by California Bus. &  Prof. Code Sections 17200 et. seq.

54. Defendants' violations of Federal Law ( 15 USC 1114, et seq. and 15 USC 1125 et seq.) and State of California common law as alleged above in this Complaint, constitute an unlawful business practice.

55. Defendants' acts of unfair competition have proximately caused and will continue

to cause Plaintiff to suffer injury, loss of money and profits, and loss and limitation of business opportunities --- to a degree and in an amount to be proven in trial.. Defendants' acts of unfair competition also have caused --and are causing-- irreparable and incalculable injury to the trademark and to the business and goodwill represented thereby.   Unless Defendants are enjoined, they will cause further injury, whereby Plaintiff has no adequate remedy at law.

**Count VI – False Advertising: Calif. Bus. and Prof. .Code  Sec. 17500 et seq.**

56.  Plaintiff incorporates as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

**57.**  On information and belief, by engaging in the acts described above, Defendants have acted and continue to act directly or indirectly, with the intent to sell, distribute, and/or provide free of charge the various computer games or "apps" bearing the Free Kick Master name before the public through various computer and internet websites and other advertising media, leading the public to suspect and/or believe that Plaintiff is the developer, provider, and/or licensor of the FREE KICK MASTER trade name.

58. By the aforesaid acts, Defendants have engaged and are engaging in false advertising in violation of California Business and Professions Code Sec. 17500 et seq, resulting in injury and loss of money to Defendants in an amount to be proven at trial.

59. If Defendants are permitted to proceed with the aforesaid acts, Plaintiff will continue to be injured by reason of Defendants' false advertising.

60. If Defendants are permitted to proceed to practice the aforesaid acts of false Designation, Plaintiff will sustain serious and irreparable injury.  Defendants have proceeded with the aforesaid acts deliberately and willfully. Unless preliminarily and permanently enjoined by the Court, Plaintiff believes that there is a substantial possibility that the Defendants will continue in this pattern of false advertising.

61. In addition, Defendants' acts, if allowed to proceed and continue, will cause Plaintiff to lose opportunities to promote its Free Kick Master live events, to develop its own lines of simulated computer games and other products.  This may also cause Plaintiff Free Kick Master LLC to  prepare and publish corrective advertising to ameliorate public confusion over the source of origin of  Defendants' products, all to Plaintiff's damage in as yet an unascertained amount.  In the meantime, Defendants will continue to profit from their sale of Free Kick Master apps and computer games.

**WHEREFORE,**  Plaintiff prays:

   a.   That Defendants be found by the Court to have infringed on the Plaintiff's rights in the FREE KICK MASTER  mark and be found liable on all of the enumerated causes of action in this Complaint;

   b.  That Defendants be found to have committed (and are committing) acts of false designation of origin against Plaintiff, as defined in 15 USC 1125(a);

  c. That Defendants have engaged in unfair competition in violation of California Bus. and Prof. Code Sec. 17200 et seq.;

  d. That Defendants have engaged in false advertising in violation of California Bus. and Prof. Code Sec. 17500 et. seq. ;

  e. That Defendants and their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants and each of them be preliminarily and permanently enjoined from infringing on the FREE KICK MASTER mark, and unfairly competing with the Plaintiff in any other manner;

  f. That Defendants be required to cease use of the FREE KICK MASTER mark in all forms, including as a fictitious business name or trade name;

  g. That Defendants be required to cease use of the FREE KICK MASTER mark or trade name alone or in combination with any other words or symbols which so resemble the marks and name of Free Kick Master as to be likely to cause confusion, deception, or mistake;

  h. That Defendants be required to cease use of the FREE KICK MASTER mark or trade name in connection with any product or service which is not Plaintiff Fee Kick Master LLC's or is not authorized by Plaintiff Free Kick Master LLC.;

  i. That Defendants be prohibited from engaging in any activity constituting an infringement of Plaintiff's mark or of Plaintiff's rights in or rights to use or exploit said mark or trade names.

j. That Defendants cease to do any further acts in violation of California Business and Professions Code Sections 17200 et seq. and 17500 et seq. ;

k. That Defendants be required to deliver up and/or destroy all insignias bearing the FREE KICK MASTER mark or any other similar or confusingly similar thereto in Defendants' possession, as well as on all labels, literature, signage, advertisements, computer applications, and games, together with any means of producing the same;

l. That Defendants be compelled to account to Plaintiff for any and all profits derived by them for their illegal acts complained of herein;

m. That the Court order Defendants to pay Plaintiff's general, special, and actual and statutory damages pursuant to 15 USC 1117 et seq. and California Business and Professions Code Sections 17200 et seq. and 17500 et seq., to be determined at trial;

n. That the Court order Defendants to pay punitive damages in an amount to be determined by the Court, for Defendants' willful, and intentional, deliberate, and tortious conduct;

o. That the Court order Defendants to pay Interest, including prejudgment interest on the foregoing sums; .

p. That the Court declare this to be an exceptional case and award the Plaintiff its full costs and attorney fees pursuant to 15 U.S.C. 1117(a);

q. For such other relief that the Court deem proper and just.

**16**

**SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
FILED BY FREE KICK MASTER LLC 4:15 cv 03403**

## Jury Demand

Plaintiff hereby demands and requests trial by jury of all issues that are triable by jury.

Dated July 31, 2015

Respectfully Submitted,

*/S/ Eugene S. Alkana*
_____

Eugene S. Alkana   60411
131 North El Molino Avenue, Suite 310
Pasadena, California 91101
TEL:  626-796-8170
FAX:  626-795-6138
eugenealkana@mindspring.com
Counsel for Plaintiff Free Kick Master, LLC


Stanley Josselson 0025685
1276 West 3rd St. #411
Cleveland, Ohio 44113
216-696-8070
Counsel for Plaintiff Free Kick Master LLC

## CERTIFICATE OF SERVICE

A copy of this **Second Amended Complaint for Injunctive Relief and Money Damages** has been electronically filed on CMECF and thereby served on all Defendants (Google, Amazon, Samsung Electronics America, and Apple (I-tunes)) on July 31, 2015.

/S/ *Eugene S. Alkana*
_____
Eugene S. Alkana   60411
131 North El Molino Avenue Suite 310
Pasadena, California 91101
TEL:  626-796-8170
FAX:  626-795-6138
Email:  eugenealkana@mindspring.com
Email:  eugenealkana@yahoo.com

Counsel for Plaintiff Free Kick Master LLC

Stanley Josselson 0025685
1276 West 3rd St. #411
Cleveland, Ohio 44113
216-696-8070
josso@att.net
Counsel for Plaintiff Free Kick Master LLC

**SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
FILED BY FREE KICK MASTER LLC 4:15 cv 03403**