1  DURIE TANGRI LLP
   MICHAEL H. PAGE (SBN 154913)
2  mpage@durietangri.com
   JOSEPH C. GRATZ (SBN 240676)
3  jgratz@durietangri.com
   217 Leidesdorff Street
4  San Francisco, CA  94111
   Telephone:    415-362-6666
5  Facsimile:    415-236-6300

6  Attorneys for Defendants
   AMAZON.COM, INC. and GOOGLE INC.
7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                     OAKLAND DIVISION

| | |
|---|---|
| 11  FREE KICK MASTER, LLC, | Case No. 4:15-cv-03403-PJH |
| 12                    Plaintiff, | **DEFENDANTS AMAZON.COM, INC. AND** |
| | **GOOGLE INC.'S NOTICE OF MOTION AND** |
| 13        v. | **MOTION TO DISMISS PLAINTIFF FREE** |
| | **KICK MASTER, LLC'S SECOND AMENDED** |
| 14  APPLE INC., AMAZON.COM, INC., GOOGLE | **COMPLAINT FOR INJUNCTIVE RELIEF** |
|     INC., and SAMSUNG ELECTRONICS USA, | **AND DAMAGES** |
| 15 | |
| | Date:     September 30, 2015 |
| 16                    Defendants. | Time:     9:00 a.m. |
| | Ctrm:     3 – 3rd Floor |
| 17 | Judge:   Honorable Phyllis J. Hamilton |

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on September 30, 2015 at 9:00 a.m., in Courtroom 3 of the above-entitled court, located at 1301 Clay Street, Oakland, CA 94612, Defendants Amazon.com, Inc. ("Amazon") and Google Inc. ("Google") (collectively "Defendants") by their attorneys Durie Tangri LLP, will move and hereby move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing Plaintiff Free Kick Master, LLC's Second Amended Complaint (the "SAC") against Defendants with prejudice.

This Motion is based upon this Notice of Motion and Memorandum of Points and Authorities in support thereof, the SAC and other pleadings on file in this matter, the arguments of counsel, and all other material which may properly come before the Court at or before the hearing on this Motion.

i

AMAZON.COM, INC. AND GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FREE
KICK MASTER, LLC'S SECOND AMENDED COMPLAINT / CASE NO. 4:15-cv-03403-PJH

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...............................................................................................................1

II.     FACTS ...............................................................................................................................1

III.    ARGUMENT ......................................................................................................................3

        A.      Counts 1 and 2: Plaintiff's Federal Trademark Claims Fail Because There Is No
                Allegation that Amazon and Google Knew of the Alleged Infringement ...........................3

        B.      Count 3: "Injunctive Relief" Is Not a Cause of Action .......................................4

        C.      Counts 4, 5, and 6: Plaintiff's State Law Claims Are Barred by Section 230 of the
                Communications Decency Act .............................................................................4

IV.     CONCLUSION....................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Almeida v. Amazon.com, Inc.*,
   456 F.3d 1316 (11th Cir. 2006) .........................................................................5

*Baglama v. MWV Consumer & Office Prods.*,
   No. 3:13-cv-276, 2014 WL 5768577 (S.D. Ohio Nov. 5, 2014) .........................4

*Batzel v. Smith*,
   333 F.3d 1018 (9th Cir. 2003) ...........................................................................5

*Carafano v. Metrosplash.com, Inc.*,
   339 F.3d 1119 (9th Cir. 2003) ...........................................................................5

*Edejer v. DHI Mortg. Co.*,
   No. C. 09-1302 (PJH), 2009 WL 1684714 (N.D. Cal. June 12, 2009)................4

*Evans v. Hewlett-Packard Co.*,
   Case No. C 13-02477 WHA, 2013 WL 5594717 (N.D. Cal. Oct. 10, 2013) .......6

*Fonovisa, Inc. v. Cherry Auction, Inc.*,
   76 F.3d 259 (9th Cir. 1996) ...............................................................................4

*Goddard v. Google Inc.*,
   640 F. Supp. 2d 1193 (N.D. Cal. 2009) .............................................................6

*Habeeba's Dance of the Arts, Ltd. v. Knoblauch*,
   430 F. Supp. 2d 709 (S.D. Ohio 2006) ..............................................................4

*Inwood Labs., Inc. v. Ives Labs., Inc.*,
   456 U.S. 844 (1982)........................................................................................3, 4

*Jensen v. Quality Loan Serv. Corp.*,
   702 F. Supp. 2d 1183 (E.D. Cal. 2010)..............................................................4

*Johnson v. Regents of Univ. of Cal.*,
   No. C-09-04727 JCS, 2010 WL 2605090 (N.D. Cal. June 28, 2010) .................1

*Jones v. Dirty World Entm't Recordings LLC*,
   755 F.3d 398 (6th Cir. 2014) .............................................................................6

*Jurin v. Google Inc.*,
   695 F. Supp. 2d 1117 (E.D. Cal. 2010)..............................................................5

*Lockheed Martin Corp. v. Network Solutions, Inc.*,
   194 F.3d 980 (9th Cir. 1999) ..........................................................................3, 4

*Mazur v. eBay Inc.*,
   No. C 07-03967 MHP, 2008 WL 618988 (N.D. Cal. Mar. 4, 2008) ..................5

*Parisi v. Sinclair*,
   774 F. Supp. 2d 310 (D.D.C. 2011) ...................................................................5

iii

AMAZON.COM, INC. AND GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FREE
KICK MASTER, LLC'S SECOND AMENDED COMPLAINT / CASE NO. 4:15-cv-03403-PJH

*Perfect 10, Inc. v. CCBill LLC*,
    488 F.3d 1102 (9th Cir. 2007) ...............................................................................5

*Petroliam Nasional Berhad v. GoDaddy.com, Inc.*,
    897 F. Supp. 2d 856 (N.D. Cal. 2012),
    *aff'd*, 737 F.3d 546 (9th Cir. 2013)........................................................................4

*Zeran v. America Online, Inc.*,
    129 F.3d 327 (4th Cir. 1997) ...................................................................................5

**Statutes**

15 U.S.C. § 1114...........................................................................................................4

15 U.S.C. § 1125(a) ......................................................................................................4

47 U.S.C. § 230 ..................................................................................................... passim

California Business & Professions Code § 17200 .......................................................3, 4, 5, 6

California Business & Professions Code § 17500 .......................................................3, 4, 5, 6

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3

In this case, Plaintiff seeks to hold Amazon and Google liable for alleged trademark infringement

4

by third parties.  As discussed below, the Second Amended Complaint, ECF No. 47 ("SAC") is subject

5

to dismissal in its entirety.  Plaintiff's federal claims fail because they seek to hold Amazon and Google

6

responsible for facilitating alleged third-party infringement, but the SAC does not allege that Amazon

7

and Google knew that the third parties were engaged in infringement.  Plaintiff's state-law claims fail

8

because the federal Communications Decency Act, 47 U.S.C. § 230, preempts all state-law claims that

9

seek to hold online service providers like Amazon and Google responsible for the acts of third-party

10

users.

11

## II.   FACTS

12

Plaintiff claims rights in the mark FREE KICK MASTER.  SAC ¶ 14.  Plaintiff organized an

13

event called "Free Kick Master" in 2008, in Houston, Texas, at which various famous soccer players

14

competed to demonstrate their mastery of making "free kicks."  SAC ¶ 26.  Plaintiff has tried, without

15

success, to organize subsequent events.  SAC ¶ 28 (an event "was to be held" in 2008 in Las Vegas), ¶ 29

16

(an event "was in the planning stages" for 2012), ¶ 31 (an event "was to be held" in 2013 in Miami), ¶ 32

17

(an event "was in the planning stages" in 2014).  Plaintiff also alleges that it was "instrumental in the

18

development of a . . . Free Kick Masters Junior electronic game," SAC ¶ 30, but the exhibits to the SAC

19

reflect that Plaintiff does not claim rights in the mark FREE KICK MASTER JUNIOR, as those rights

20

are alleged to be owned by a separate entity that is not a party to this suit, "Free Kick Master Jr. LLC."

21

SAC Ex. 4 (reflecting ownership by that third party).[1]

22

23

24

---

[1] This Court may take judicial notice that Plaintiff and "Free Kick Master Jr. LLC" are separate corporate

25

entities registered with the Nevada Secretary of State.  *See* http://nvsos.gov/SOSEntitySearch/Corp
Details.aspx?lx8nvq=5nH9BK5tEPGbDtCL28ocjg%253d%253d&nt=0 (registration for Plaintiff);

26

http://nvsos.gov/SOSEntitySearch/CorpDetails.aspx?lx8nvq=ovPuiCccxQc1BUmHukuKWw%253d%25
3d (registration for "Free Kick Master Jr, LLC").  *See Johnson v. Regents of Univ. of Cal.*, No. C-09-

27

04727 JCS, 2010 WL 2605090, at *4 (N.D. Cal. June 28, 2010) (taking judicial notice of business
registrations on a state Secretary of State's website).  Defendants pointed out this deficiency in previous

28

briefing, but Plaintiff has made no effort to remedy it.  *See* Defs.' Reply Supp. Mot. Transfer or Dismiss
at 6, ECF No. 33.

The SAC alleges that Amazon and Google permitted third parties to use their app marketplaces to sell allegedly infringing apps.  With respect to Amazon, the SAC pleads as follows:

> Defendant Amazon operates a marketplace, the "Amazon Appstore," , [sic] through which owners of Kindle "Fire" devices can purchase programs or "apps" to use with those devices.  Amazon, advertises the Free Kick Master Challenge APK for Kindle, as the "Top APK" for Kindle Fire.  **See Exhibit VI.**. [sic]  These games are also a click away for users for its trademark to be used in connection with those downloads.

SAC ¶ 19.  This paragraph makes reference to Exhibit 6 as evidence that Amazon advertised a "Free Kick Master Challenge APK for Kindle" as "the 'Top APK' for Kindle Fire," but that exhibit does not make any such reference.  That sentence appears to refer to a different document, which was submitted as Exhibit 1 to the Opposition to Defendants' Initial Motion to Dismiss at 11, ECF No. 24-2; as that exhibit reflects, the website displaying "Free Kick Master Challenge APK for Kindle" and advertising the app as the "Top APK for Kindle" is operated not by Amazon, but by an outfit calling itself "APKforKindle.com."  (That, presumably, is why the exhibit was not included with the SAC.)  Thus, setting aside the portions contradicted by the documents Plaintiff has placed in the record, the allegation as to Amazon is that Amazon "operates a marketplace, the 'Amazon Appstore,' through which owners of Kindle "Fire" devices can purchase programs or 'apps' to use with those devices," and that the third-party app identified in Exhibit 6 ("FreeKick Master Free" from JiuzhangTech Ltd.) is "a click away" via that online marketplace.

With respect to Google, the SAC pleads as follows:

> Defendant Google, Inc., operates Google Play, a distribution platform that was created and operates to serve as the marketplace and office [sic] online store to purchase applications for the Android operating system.  Google allows developers of apps (programs) for Android mobile devices to distribute those apps, including "Free Kick Master" apps, to android device users.  Google has never asked permission from Plaintiff to distribute "Free Kick Master" apps to its customers for free or otherwise.. [sic] (**See Exhibit VII**).

SAC ¶ 20.  As with Amazon, the allegation is that Google "operates . . . a distribution platform that was created and operates to serve as the marketplace and office [sic] online store to purchase applications for" particular devices, and that some of the apps distributed via that platform are alleged to infringe the FREE KICK MASTER mark.

1  The SAC does not identify any other conduct on the part of Amazon or Google, but purports to

2  plead claims for (1) trademark infringement under federal law; (2) false designation of origin under

3  federal law; (3) "injunctive relief"; (4) trademark infringement under California state law; (5) unfair

4  competition under California Business & Professions Code § 17200; and (6) false advertising under

5  California Business & Professions Code § 17500.

6  **III.  ARGUMENT**

7  All of the claims in the SAC are subject to dismissal for failure to state a claim upon which relief

8  can be granted.  The federal claims are subject to dismissal because in order to hold the operator of a

9  marketplace liable for third-party infringing goods available through that marketplace, the plaintiff must

10  show that the operator of the marketplace continued to permit the infringement after learning of the

11  infringement, and the complaint does not allege that knowledge.  And the state-law claims are subject to

12  dismissal because they seek to hold online service providers responsible for postings by third parties, and

13  47 U.S.C. § 230 bars such claims.

14  **A.  Counts 1 and 2: Plaintiff's Federal Trademark Claims Fail Because There Is No
15  Allegation that Amazon and Google Knew of the Alleged Infringement**

16  Plaintiff seeks to hold Amazon and Google liable for the alleged infringements by third-party app

17  developers.  To be sure, as the Supreme Court has held, "liability for trademark infringement can extend

18  beyond those who actually mislabel goods with the mark of another."  *Inwood Labs., Inc. v. Ives Labs.,*

19  *Inc.*, 456 U.S. 844, 853 (1982).  One can be held responsible for the infringing acts of another, the

20  Supreme Court held, "under certain circumstances."  *Id.* at 854.  Specifically, "if a manufacturer or

21  distributor intentionally induces another to infringe a trademark, or if it continues to supply its product to

22  one whom it knows or has reason to know is engaging in trademark infringement, the manufacturer or

23  distributor is contributorially responsible for any harm done as a result of the deceit."  *Id.*  While the

24  Supreme Court's rule by its terms applies only to one who supplies a "product" to one who uses it to

25  infringe, the Ninth Circuit has expanded it to impose liability on those who continued to supply a *service*

26  to one known to be using it in an infringing manner, so long as the service provider is also shown to have

27  "[d]irect control and monitoring of the instrumentality used by a third party to infringe. . . ."  *Lockheed*

28  *Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 984 (9th Cir. 1999); *Habeeba's Dance of the*

1  *Arts, Ltd. v. Knoblauch*, 430 F. Supp. 2d 709, 714 (S.D. Ohio 2006) (adopting the rule of *Lockheed*

2  *Martin*).  *See generally Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, 897 F. Supp. 2d 856, 867

3  (N.D. Cal. 2012), *aff'd*, 737 F.3d 546 (9th Cir. 2013) (discussing the Ninth Circuit law of contributory

4  infringement).  For example, the Ninth Circuit held that a complaint stated a claim against the operator of

5  a marketplace where that operator had knowledge of the infringing nature of the goods being sold.

6  *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 265 (9th Cir. 1996).  This requirement applies

7  equally to claims for trademark infringement under 15 U.S.C. § 1114 and claims for false designation of

8  origin under 15 U.S.C. § 1125(a).  *Inwood*, 456 U.S. at 849–851 (imposing a knowledge requirement

9  under both § 1114 and § 1125(a)).

10       The claims pleaded in the SAC do not allege that Amazon or Google intentionally induced the

11  third-party app developers to develop the allegedly infringing apps, nor that Amazon or Google

12  continued to supply their services to third-party app developers engaged in infringement after learning of

13  that infringement.  Indeed, the SAC contains no allegation that Amazon or Google had any notice

14  regarding the infringement before the filing of this lawsuit.  For that reason, the claims must be

15  dismissed.

16       **B.**    **Count 3: "Injunctive Relief" Is Not a Cause of Action**

17       The SAC also contains a putative claim for "injunctive relief" (Count III), which is not properly a

18  cause of action at all, but rather a remedy.  *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183,

19  1201 (E.D. Cal. 2010) ("[A] separately pled cause of action for injunctive relief is inappropriate.");

20  *Edejer v. DHI Mortg. Co.*, No. C. 09-1302 (PJH), 2009 WL 1684714, at *10 (N.D. Cal. June 12, 2009)

21  (same); *Baglama v. MWV Consumer & Office Prods.*, No. 3:13-cv-276, 2014 WL 5768577, at *5 (S.D.

22  Ohio Nov. 5, 2014) (a stand-alone claim for injunctive relief "cannot stand as a matter of law.").  It must

23  be dismissed with prejudice.

24       **C.**    **Counts 4, 5, and 6: Plaintiff's State Law Claims Are Barred by Section 230 of the**
25               **Communications Decency Act**

26       In addition to Plaintiff's Lanham Act claims, the SAC attempts to state three state-law claims:

27  violation of California common law trademark law (Count IV), and violations of California's unfair

28  competition and false advertising statutes (Counts V and VI, Bus. & Prof. Code §§ 17200 and 17500).

1    All three of these claims are barred by Section 230 of the federal Communications Decency Act, 47

2    U.S.C. § 230 ("CDA").

3         Any claim against an internet service provider based on content created by a third party, other

4    than a federal intellectual property claim, is barred.  As the Ninth Circuit held in *Perfect 10, Inc. v.*

5    *CCBill LLC*, 488 F.3d 1102, 1118 (9th Cir. 2007):

6              The Communications Decency Act states that "[n]o provider or user
             of an interactive computer service shall be treated as the publisher or
7             speaker of any information provided by another information content
             provider," and expressly preempts any state law to the contrary.  47 U.S.C.
8             §§ 230(c)(1), (e)(3).  "The majority of federal circuits have interpreted the
             CDA to establish broad 'federal immunity to any cause of action that
9             would make service providers liable for information originating with a
             third-party user of the service.'"  *Almeida v. Amazon.com, Inc.*, 456 F.3d
10            1316, 1321 (11th Cir. 2006) (quoting *Zeran v. America Online, Inc.*, 129
             F.3d 327, 331 (4th Cir. 1997)); see also *Carafano v. Metrosplash.com, Inc.*,
11            339 F.3d 1119, 1122 (9th Cir. 2003) (citing *Batzel v. Smith*, 333 F.3d 1018,
             1026–27 (9th Cir. 2003)).

12

13   Resolving a previously open question, the *CCBill* court then considered the CDA's exemption for

14   intellectual property claims (§ 230(e)(2)).  After noting that different states have different views as to

15   whether a particular claim (such as for rights of publicity or false advertising) is properly denominated an

16   "intellectual property" claim, the Court held that "[b]ecause material on a website may be viewed across

17   the Internet, and thus in more than one state at a time, permitting the reach of any particular state's

18   definition of intellectual property to dictate the contours of this federal immunity would be contrary to

19   Congress's expressed goal of insulating the development of the Internet from the various state-law

20   regimes[,]" *id.*, and thus "we construe the term 'intellectual property' to mean 'federal intellectual

21   property.'"  *Id.* at 1119.  There is no conflicting Sixth Circuit precedent.

22         Plaintiff's claims fall under Section 230's ambit.  The Google and Amazon application stores are

23   paradigmatic interactive computer services; they are websites from which customers can locate and

24   download apps developed, written, and branded by third parties.  *See, e.g.*, *Jurin v. Google Inc.*, 695 F.

25   Supp. 2d 1117, 1123 (E.D. Cal. 2010) (Google immune under § 230 for third-party trademark use,

26   dismissing claims under §§ 17200 and 17500); *Parisi v. Sinclair*, 774 F. Supp. 2d 310 (D.D.C. 2011)

27   (Amazon and other booksellers interactive computer services immune under § 230); *Mazur v. eBay Inc.*,

28   No. C 07-03967 MHP, 2008 WL 618988, at *9 (N.D. Cal. Mar. 4, 2008) (eBay an interactive computer

1  service, dismissing claims under §§ 17200 and 17500); *Goddard v. Google Inc.*, 640 F. Supp. 2d 1193,

2  1197–98 (N.D. Cal. 2009) (Google an interactive computer service).

3  Judge Alsup recently dismissed strikingly similar claims, including state-law trademark and

4  unfair competition claims, based on the sale of an app (the "Chubby Checker") developed by a third

5  party and offered for sale on Palm's former application store.  Rejecting multiple arguments that Palm

6  exercised sufficient control over the format of advertising, naming guidelines, content criteria, and the

7  like, the court held that such normal publishing functions did not vitiate Section 230 immunity:  "The

8  third party still provided the published content and defendants only provided the editorial parameters."

9  *Evans v. Hewlett-Packard Co.*, Case No. C 13-02477 WHA, 2013 WL 5594717, at *4 (N.D. Cal. Oct.

10  10, 2013); *see also Jones v. Dirty World Entm't Recordings LLC*, 755 F.3d 398, 415–16 (6th Cir. 2014)

11  (§ 230 immunity extends to service provider that selects which allegedly defamatory comments to post,

12  so long as the provider did not author the comments).

13  In this case, Plaintiff does not even attempt the sort of failed effort to plead around Section 230

14  rejected in *Evans*, *Jones*, and other cases.  There is no allegation—and cannot be—that either Google or

15  Amazon had any role whatsoever in the creation of the apps at issue, the choice of the names for those

16  apps, or any other act that would place either defendant in the role of the speaker or author of the accused

17  products.  Indeed, the exhibits to the complaint identify the third-party developers that created the games

18  at issue.  SAC Ex. 6 (identifying third-party app developer "JiuzhangTech Ltd."), Ex. 7 (identifying

19  third-party app developers "GameJoy Inc.," "JamesDisco," "Sweet Candy Inc.," "Sol.dalab," "Shooter

20  Boomer," and "Accidental Genius").  There thus can be no question that Plaintiff seeks to hold Google

21  and Amazon liable for the speech of others.  There is no allegation that Amazon or Google either created

22  the apps or named them.  This is, again, paradigmatic Section 230 territory.

23  Plaintiff seeks to place Google and Amazon in the position of publisher, and to require them to

24  review and analyze each of the hundreds of thousands of apps created by third parties, under penalty of

25

26

27

28

liability for all manner of state law claims.[2]  Section 230 expressly immunizes Google and Amazon from such liability.

**IV.     CONCLUSION**

Plaintiff's federal trademark claims fail to allege that Amazon or Google had knowledge of the infringement, and must be dismissed for that reason.  Plaintiff's remaining claims are preempted and barred by 47 U.S.C. § 230, and should be dismissed with prejudice.

Dated:  August 20, 2015                    DURIE TANGRI LLP

                                           By: _____/s/ Joseph C. Gratz_____
                                                          JOSEPH C. GRATZ

                                           Attorneys for Defendants
                                           AMAZON.COM, INC. and GOOGLE INC.

---

[2] This case in particular illustrates the impossibility of such a regime.  How, for example, would either Google or Amazon be able to discern whether the apps in question are licensed uses of the claimed marks?  Plaintiff's own exhibits demonstrate that it has licensed the mark in the past (to MGM, for example), that it has bought and sold the mark several times between foreign and domestic entities, and that it has not itself released any app or computer game using the mark.  In such circumstances, Amazon and Google are in no position to assess whether these apps (or any of hundreds of thousands of others) infringe Plaintiff's rights.  And as noted above, Plaintiff pleads no attempt to advise Google or Amazon of its purported rights.

1

## **CERTIFICATE OF SERVICE**

2

I certify that all counsel of record who have consented to electronic notification are being served

3

on August 20, 2015 with a copy of this document via the Court's CM/ECF system.

4

5                                                                 */s/ Joseph C. Gratz*
                                                                 JOSEPH C. GRATZ

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMAZON.COM, INC. AND GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FREE
KICK MASTER, LLC'S SECOND AMENDED COMPLAINT / CASE NO. 4:15-cv-03403-PJH