DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
JORDAN RAPHAEL (S.B. #252344)
jraphael@omm.com
TIM BYRON (S.B. #277569)
tbyron@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Telephone:     (415) 984-8700
Facsimile:     (415) 984-8701

Attorneys for Defendant
APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| FREE KICK MASTER, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC., et al.,<br><br>　　　　　　　　Defendants. | Case No. 4:15-cv-03403-PJH<br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT APPLE INC. TO SECOND AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge:　　Hon. Phyllis J. Hamilton<br>Courtroom:　3 – 3rd Floor |

Defendant Apple Inc. ("Apple") by its undersigned attorneys, for its Answer to the Second Amended Complaint for Injunctive Relief and Money Damages (the "Complaint") of Plaintiff Free Kick Master, LLC, states as follows:

## GENERAL DENIAL

Except as otherwise expressly admitted herein, Apple denies each and every allegation contained in the Complaint, including, without limitation, any allegations contained in the preamble, headings, subheadings or footnotes of the Complaint, and specifically denies any liability to Plaintiff. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, moreover, allegations in the Complaint to which no responsive pleading is required shall be deemed as denied. Apple expressly reserves the right to seek to amend and/or supplement its Answer as may be necessary.

## RESPONSE TO SPECIFIC ALLEGATIONS

AND NOW, incorporating the foregoing, Apple states as follows in response to the specific allegations in the Complaint:

1. Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies those allegations.

2. Apple admits that Apple is a corporation formed and existing under the laws of the State of California with its principal place of business in the State of California at 1 Infinite Loop Cupertino, California 95104. Apple denies the remaining allegations in Paragraph 2.

3. Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies those allegations.

4. Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies those allegations.

5. Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies those allegations.

6. Apple admits that it conducts business in California, all states in the United States, and in foreign countries. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 6 and therefore denies those allegations.

7. Apple admits that this action purports to arise under the statutes cited. Apple denies the remaining allegations in Paragraph 7.

8. Apple admits that this action purports to invoke the Court's subject matter jurisdiction pursuant to the statutes cited. Apple denies the remaining allegations in Paragraph 8.

9. Apple admits that this action purports to invoke the Court's subject matter jurisdiction and venue pursuant to the statutes cited. Apple denies the remaining allegations in Paragraph 9.

10. Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies those allegations.

11. Apple admits that Plaintiff's purported FREE-KICK MASTER mark is the subject of U.S. Trademark Registration No. 3,322,947.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore denies those allegations.

12. Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies those allegations.

13. Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies those allegations.

14. Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies those allegations.

15. Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies those allegations.

16. Apple denies that the referenced trademark registration for the alleged mark FREE KICK MASTER JUNIOR confers any trademark rights on Plaintiff.  Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 16 and therefore denies those allegations.

17. Apple admits that its online services include the App Store, an online store allowing users to obtain applications ("apps") developed by Apple and by third-party developers for use on iPhones and certain other Apple devices. Apple denies the remaining allegations in

Paragraph 17.

18. Apple admits that there is evidence that the "Free Kick Master" app shown in Exhibit V to the Complaint was previously available through the App Store at certain times including times in 2011 and that it was available at certain times for free. Apple denies that the "Free Kick Master" app shown in Exhibit V is currently available from the App Store. Apple denies the remaining allegations in Paragraph 18.

19. Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies those allegations.

20. Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies those allegations.

21. Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies those allegations.

22. Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies those allegations.

23. Apple admits that Plaintiff has not provided express authorization or consent to Apple relating to the "Free Kick Master" app shown in Exhibit V to the Complaint. Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 23 relating to any other defendant and therefore denies those allegations. Apple denies the remaining allegations in Paragraph 23.

24. Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 24 relating to any other defendant and therefore denies those allegations. Apple denies the remaining allegations in Paragraph 24.

25. Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 25 relating to any other defendant and therefore denies those allegations. Apple denies the remaining allegations in Paragraph 25.

26. Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies those allegations.

27. Apple lacks sufficient knowledge and information to form a belief as to the truth

1  of the allegations in Paragraph 27 and therefore denies those allegations.

2  28. Apple lacks sufficient knowledge and information to form a belief as to the truth
3  of the allegations in Paragraph 28 and therefore denies those allegations.

4  29. Apple lacks sufficient knowledge and information to form a belief as to the truth
5  of the allegations in Paragraph 29 and therefore denies those allegations.

6  30. Apple lacks sufficient knowledge and information to form a belief as to the truth
7  of the allegations in Paragraph 30 and therefore denies those allegations.

8  31. Apple lacks sufficient knowledge and information to form a belief as to the truth
9  of the allegations in Paragraph 31 and therefore denies those allegations.

10  32. Apple lacks sufficient knowledge and information to form a belief as to the truth
11  of the allegations in Paragraph 32 and therefore denies those allegations.

12  33. Apple denies that Plaintiff's alleged attempts to communicate with Apple have
13  been fruitless or ignored. Apple lacks sufficient knowledge and information to form a belief as to
14  the truth of the remaining allegations in Paragraph 33 and therefore denies those allegations.

15  <u>Count I – Trademark Infringement</u>

16  34. Apple incorporates by reference each and every admission, denial, and allegation
17  set forth above in response to Paragraphs 1 through 33, inclusive, of the Complaint.

18  35. Apple lacks sufficient knowledge and information to form a belief as to the truth
19  of the allegations in Paragraph 35 relating to any other defendant and therefore denies those
20  allegations.  Apple denies the remaining allegations in Paragraph 35.

21  36. Apple lacks sufficient knowledge and information to form a belief as to the truth
22  of the allegations in Paragraph 36 relating to any other defendant and therefore denies those
23  allegations.  Apple denies the remaining allegations in Paragraph 36.

24  37. Apple lacks sufficient knowledge and information to form a belief as to the truth
25  of the allegations in Paragraph 37 relating to any other defendant and therefore denies those
26  allegations.  Apple denies that it is liable for the acts of any other defendant and denies the
27  remaining allegations in Paragraph 37.

28

Count II – False Designation of Origin under the Lanham Act

38.     Apple incorporates by reference each and every admission, denial, and allegation set forth above in response to Paragraphs 1 through 37, inclusive, of the Complaint.

39.     Apple admits that this action purports to arise under the statute cited. Apple denies the remaining allegations in Paragraph 39.

40.     Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 40 relating to any other defendant and therefore denies those allegations.  Apple denies the remaining allegations in Paragraph 40.

41.     Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 41 relating to any other defendant and therefore denies those allegations.  Apple denies the remaining allegations in Paragraph 41.

42.     Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 42 relating to any other defendant and therefore denies those allegations.  Apple denies the remaining allegations in Paragraph 42.

Count III – Injunctive Relief

43.     Apple incorporates by reference each and every admission, denial, and allegation set forth above in response to Paragraphs 1 through 42, inclusive, of the Complaint.

44.     Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 44 relating to any other defendant and therefore denies those allegations.  Apple denies the remaining allegations in Paragraph 44.

45.     Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 45 relating to any other defendant and therefore denies those allegations.  Apple denies the remaining allegations in Paragraph 45.

46.     Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 46 relating to any other defendant and therefore denies those allegations.  Apple denies the remaining allegations in Paragraph 46.

47.     Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 47 relating to any other defendant and therefore denies those

1    allegations.  Apple denies the remaining allegations in Paragraph 47.

## Count IV – State Trademark Infringement

48.    Apple incorporates by reference each and every admission, denial, and allegation set forth above in response to Paragraphs 1 through 47, inclusive, of the Complaint.

49.    Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 49 relating to any other defendant and therefore denies those allegations.  Apple denies the remaining allegations in Paragraph 49.

50.    Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 50 relating to any other defendant and therefore denies those allegations.  Apple denies the remaining allegations in Paragraph 50.

51.    Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 51 relating to any other defendant and therefore denies those allegations.  Apple denies the remaining allegations in Paragraph 51.

## Count V – California Bus. & Prof. Code Sec. 17200 et seq.

52.    Apple incorporates by reference each and every admission, denial, and allegation set forth above in response to Paragraphs 1 through 51, inclusive, of the Complaint.

53.    Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 53 relating to any other defendant and therefore denies those allegations.  Apple denies the remaining allegations in Paragraph 53.

54.    Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 54 relating to any other defendant and therefore denies those allegations.  Apple denies the remaining allegations in Paragraph 54.

55.    Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 55 relating to any other defendant and therefore denies those allegations.  Apple denies the remaining allegations in Paragraph 55.

## Count VI – False Advertising: Calif. Bus. and Prof. Code Sec. 17500 et seq.

56.    Apple incorporates by reference each and every admission, denial, and allegation set forth above in response to Paragraphs 1 through 55, inclusive, of the Complaint.

57. Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 57 relating to any other defendant and therefore denies those allegations. Apple denies the remaining allegations in Paragraph 57.

58. Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 58 relating to any other defendant and therefore denies those allegations. Apple denies the remaining allegations in Paragraph 58.

59. Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 59 relating to any other defendant and therefore denies those allegations. Apple denies the remaining allegations in Paragraph 59.

60. Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 60 relating to any other defendant and therefore denies those allegations. Apple denies the remaining allegations in Paragraph 60.

61. Apple lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 61 relating to any other defendant and therefore denies those allegations. Apple denies the remaining allegations in Paragraph 61.

**ANSWER TO PRAYER FOR RELIEF**

Apple denies that Plaintiff has been injured, denies that plaintiff is entitled to relief against Apple, and requests that the Court dismiss all claims against Apple with prejudice and order such further relief as the Court deems just and proper.

**ANSWER TO JURY DEMAND**

Apple admits that Plaintiff demands a jury trial. Apple lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in the Jury Demand and therefore denies those allegations.

**AFFIRMATIVE DEFENSES**

Apple sets forth below its affirmative defenses. Except where otherwise noted, each defense is asserted as to all claims asserted against Apple. By setting forth these affirmative defenses, Apple does not assume the burden of proving any fact, issue or element of a claim where such burden properly belongs to Plaintiff.

As separate affirmative defenses, Apple alleges as follows:

**First Affirmative Defense**

**(Failure to State a Claim)**

This action is barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

**(Scope of Rights)**

This action is barred, in whole or in part, because the scope of Plaintiff's trademark rights, if any, is not broad enough to preclude Apple's alleged use of the phrase "free kick master."

**Third Affirmative Defense**

**(No Likelihood Of Confusion)**

This action is barred, in whole or in part, because there is no likelihood of confusion between Plaintiff's purported mark and Apple's alleged use of the phrase "free kick master."

**Fourth Affirmative Defense**

**(No Secondary Meaning)**

This action is barred, in whole or in part, because Plaintiff's purported mark has not obtained any secondary meaning.

**Fifth Affirmative Defense**

**(Non-Infringement)**

This action is barred, in whole or in part, because Apple has not infringed Plaintiff's purported mark in any way, as alleged in the Complaint or otherwise.

**Sixth Affirmative Defense**

**(Innocence And Non-Willfulness)**

This action is barred, in whole or in part, because Apple's actions, as alleged in the Complaint, were innocent and non-willful.

**Seventh Affirmative Defense**

**(Descriptive Fair Use)**

This action is barred, in whole or in part, because Apple's alleged use of the phrase "free

kick master" was not a trademark use, was fair and in good faith, and was only descriptive.

## Eighth Affirmative Defense

### (First Amendment)

This action is barred, in whole or in part, because Apple's alleged use of the phrase "free kick master" was a protected usage under the First Amendment.

## Ninth Affirmative Defense

### (Merely Descriptive)

This action is barred, in whole or in part, because Plaintiff's purported mark is merely descriptive.

## Tenth Affirmative Defense

### (Merely Informational)

This action is barred, in whole or in part, because Plaintiff's purported mark is merely informational in nature.

## Eleventh Affirmative Defense

### (Abandonment)

This action is barred, in whole or in part, by the doctrine of abandonment.

## Twelfth Affirmative Defense

### (Invalid Registration – Fraud)

This action is barred, in whole or in part, because Plaintiff obtained U.S. Trademark Registration No. 3,322,947 using knowingly false and/or fraudulent declarations and representations, with an intent to deceive, and those false/or fraudulent declarations were material to the procurement of the registration.

## Thirteenth Affirmative Defense

### (No Damages)

Plaintiff has suffered no damages and/or has failed to mitigate its damages, if any.

## Fourteenth Affirmative Defense

### (Unjust Enrichment)

Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

### Fifteenth Affirmative Defense

### (Time Barred)

This action is barred, in whole or in part, by the applicable statute(s) of limitations and, in the case of the Lanham Act, by judicial analog to the applicable statute(s) of limitations, and is otherwise untimely.

### Sixteenth Affirmative Defense

### (Laches)

This action is barred, in whole or in part, by the doctrine of laches.

### Seventeenth Affirmative Defense

### (Equitable Estoppel)

This action is barred, in whole or in part, on grounds of equitable estoppel.

### Eighteenth Affirmative Defense

### (Waiver)

This action is barred, in whole or in part, by the doctrine of waiver.

### Nineteenth Affirmative Defense

### (Unclean Hands)

This action is barred, in whole or in part, by the doctrine of unclean hands.

### Twentieth Affirmative Defense

### (Lack of Standing)

Plaintiff's claims are barred to the extent that Plaintiff lacks standing to sue on any of the marks referenced in the Complaint.

### Twenty-first Affirmative Defense

Apple has insufficient knowledge or information upon which to form a belief as to whether it may have additional yet unstated defenses. Apple reserves the right to assert any additional defenses as may be discovered during the conduct of this litigation.

### Twenty-second Affirmative Defense

Apple hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves

the rights to amend this Answer and assert all such defenses.

### Twenty-third Affirmative Defense

Answers to each paragraph of the Complaint are made by Apple without waiving, but expressly reserving, all rights Apple may have to seek relief by appropriate motions directed to the allegations in the Complaint.

### APPLE'S COUNTERCLAIMS AGAINST FREE KICK MASTER

For its counterclaims against Plaintiff and Counter-defendant Free Kick Master, LLC ("Free Kick Master"), Defendant and Counter-claimant Apple Inc. ("Apple") alleges on knowledge as to its own conduct and on information and belief as to all other matters, as follows:

### JURISDICTION AND VENUE

1. These Counterclaims arise out of the Complaint which alleges purported violations of and seeks remedies and relief under the Lanham Act, 15 U.S.C. §§ 1114, 1117, and 1125(a); California Business and Professions Code §§ 17200 *et seq*. and 17500 *et seq*.; and California common law.  These Counterclaims further arise under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 *et seq*.

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

3. This Court further has jurisdiction over a claim seeking the cancellation of a trademark registration in an action involving that registration pursuant to 15 U.S.C. § 1119.

4. This Court has personal jurisdiction over Counter-defendant.

5. Venue is proper in this district under 28 U.S.C. § 1391.

### FACTS COMMON TO ALL COUNTS

6. Apple designs, develops, and sells consumer electronics, consumer software, and online services.

7. Apple's consumer products include the iPhone® mobile digital device.

8. Apple's online services include the App Store, an online store allowing users to

obtain applications ("apps") developed by Apple and by third-party developers for use on iPhones and other Apple devices.

9. As of June 2015, more than 1,500,000 third-party apps were available on the App Store.

10. Counter-defendant has claimed trademark rights in the purported mark FREE-KICK MASTER, including ownership of U.S. Trademark Registration No. 3,322,947 for the mark in International Class 041 for:

> Production and distribution of television shows and sports movies; production of radio and television programs, namely sports programs production; television production; television show production; motion picture film production; organization of sports events in the field of football; organizing sporting events, namely football games, American football, soccer, hockey and rugby competitions[.]

11. U.S. Trademark Registration No. 3,322,947 was issued by the United States Patent and Trademark Office ("USPTO") on October 30, 2007.

12. Upon information and belief, Counter-defendant's purported mark FREE-KICK MASTER has not been used in commerce since at least July 2008.

13. To the extent Counter-defendant has ever owned or enjoyed rights in the purported mark FREE-KICK MASTER, upon information and belief, Counter-defendant has abandoned its trademark rights with regard to the use in commerce of the mark, on each and every good and service identified in U.S. Trademark Registration No. 3,322,947, and it has no intent to resume such use.

14. In connection with the trademark registration referenced above, Slobodan Petrovic, who upon information and belief is the Director of Counter-defendant, submitted a sworn declaration to the USPTO that Counter-defendant's purported mark FREE-KICK MASTER was "continuously used in commerce for five (5) consecutive years after" October 30, 2007.

15. In his sworn declaration to the USPTO referenced above, Mr. Petrovic also stated that, on October 29, 2013, Counter-defendant's purported mark FREE-KICK MASTER was "still in use in interstate commerce on or in connection with all services listed in the existing registration for International Class 41."

## FIRST COUNTERCLAIM

**(Cancellation of U.S. Trademark Reg. No. 3,322,947 – Abandonment)**

**(15 U.S.C. §§ 1064; 1119 and 1127)**

16. Apple incorporates herein by reference and realleges Paragraphs 1-15 hereof.

17. For all the foregoing reasons, as a result of having abandoned any use of its purported mark FREE-KICK MASTER, to the extent it has ever made such use, Counter-defendant has abandoned all trademark rights it may have had in the mark, if any, and Apple is entitled to an order of this Court, as provided by 15 U.S.C. § 1119, cancelling U.S. Trademark Registration No. 3,322,947.

## SECOND COUNTERCLAIM

**(Cancellation of U.S. Trademark Reg. No. 3,322,947 – Fraud On The USPTO)**

**(15 U.S.C. §§ 1115(a) & (b); 1119; 1064)**

18. Apple incorporates herein by reference and realleges Paragraphs 1-15 hereof.

19. U.S. Trademark Registration No. 3,322,947 was issued by the USPTO on October 30, 2007.

20. In connection with the trademark registration referenced above, Mr. Petrovic submitted a sworn declaration to the USPTO that Counter-defendant's purported mark FREE-KICK MASTER was "continuously used in commerce for five (5) consecutive years after" October 30, 2007. In his sworn declaration, Mr. Petrovic also stated that, on October 29, 2013, Counter-defendant's purported mark FREE-KICK MASTER was "still in use in interstate commerce on or in connection with all services listed in the existing registration for International Class 41."

21. Upon information and belief, there was no use in commerce by Counter-Defendant and/or its predecessor(s) in interest of the purported mark FREE-KICK MASTER after July 2008.

22. Upon information and belief, Counter-defendant made false representations to the USPTO about the use in commerce of the purported mark FREE-KICK MASTER, as described above, and those false representations were material to the USPTO's continued registration of U.S. Trademark Registration No. 3,322,947.

23. Upon information and belief, Counter-defendant knew or should have known that the representations to the USPTO about the use in commerce of the purported mark FREE-KICK MASTER, as described above, were false.

24. Upon information and belief, Counter-defendant made the representations to the USPTO about the use in commerce of the purported mark FREE-KICK MASTER, as described above, with intent to deceive the USPTO.

25. Counter-defendant thus procured the continued registration of U.S. Trademark Registration No. 3,322,947 by false means and/or by knowingly making false and/or fraudulent declarations and representations to the USPTO.

26. Because of Counter-defendant's knowingly false and/or fraudulent declarations and representations, Counter-defendant committed fraud on the USPTO in procuring the continued registration of U.S. Trademark Registration No. 3,322,947.

27. In light of Counter-defendant's reliance on its purported rights in U.S. Trademark Registration No. 3,322,947 to support its claims against Apple in this action, Apple reasonably believes that it has been or will be damaged by the continued registration of the alleged mark FREE-KICK MASTER, U.S. Trademark Registration No. 3,322,947.

28. Apple is thus entitled to cancellation of U.S. Trademark Registration No. 3,322,947.

### THIRD COUNTERCLAIM

**(Declaration of Non-Infringement)**

**(28 U.S.C. § 2201 *et seq*.)**

29. Apple incorporates herein by reference and realleges Paragraphs 1-15 hereof.

30. In its Complaint, Counter-Defendant has alleged, and Apple denies, that Apple's alleged use of "free kick master" constitutes trademark infringement, false designation of origin, unfair competition, and/or false advertising under the Lanham Act, California statutory law, and/or the common law.

31. Based on the foregoing allegations, there exists between the parties a substantial controversy of sufficient immediacy and reality to warrant declaratory relief.

32. Apple has not infringed any valid trademark held by Counter-defendant.

33. Apple is therefore entitled to a declaratory judgment that it has not infringed any trademark rights of the Counter-defendant, and that it has not otherwise violated any right of the Counter-defendant under federal or state law.

## **APPLE'S PRAYER FOR RELIEF**

WHEREFORE, Apple respectfully requests that the Court enter judgment in its favor as follows:

a) That the Second Amended Complaint and each and every purported claim for relief therein be dismissed with prejudice;

b) That the Court issue an order to the USPTO cancelling U.S. Trademark Registration No. 3,322,947;

c) That the Court issue a declaration that Apple:

    i) has not infringed and is not infringing any trademark rights of Counter-defendant or on any common law rights it might have accrued;

    ii) has not violated and is not violating Section 32 of the Lanham Act, 15 U.S.C. § 1114 with respect to any rights of Counter-defendant;

    iii) has not violated and is not violating Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) with respect to any rights of Counter-defendant;

    iv) has not engaged and is not engaging in trademark infringement under California common law with respect to any rights of Counter-defendant;

    v) has not violated and is not violating Cal. Bus. and Prof. Code §§ 17200 *et seq.* with respect to any rights of Counter-defendant;

    vi) has not violated and is not violating Cal. Bus. and Prof. Code §§ 17500 *et seq.* with respect to any rights of Counter-defendant; and

    vii) has not violated and is not violating any other federal, state, or common law with respect to any rights of Counter-defendant.

d) That the Court determine that this is an exceptional case under 15 U.S.C. § 1117(a) and award Apple its attorneys' fees, costs, and disbursements; and

e) That the Court award Apple such other and further relief as the Court deems just and proper.

Dated: August 20, 2015

>DAVID R. EBERHART
>JORDAN RAPHAEL
>TIM BYRON
>O'MELVENY & MYERS LLP
>
>By: /s/ *David R. Eberhart*
>David R. Eberhart
>Attorneys for Defendant
>Apple Inc.

## **DEMAND FOR JURY TRIAL**

Apple hereby requests a trial by jury of all issues in this action.

Dated: August 20, 2015

>DAVID R. EBERHART
>JORDAN RAPHAEL
>TIM BYRON
>O'MELVENY & MYERS LLP
>
>By: /s/ *David R. Eberhart*
>David R. Eberhart
>Attorneys for Defendant
>Apple Inc.