JOHN C. ULIN (No. 165524)
john.ulin@aporter.com
JACOB K. POORMAN (No. 262261)
jacob.poorman@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California  90017-5844
Telephone:  213.243.4000
Facsimile:  213.243.4199

Attorneys for Defendant
Samsung Electronics America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| FREE KICK MASTER LLC, | Case No.: 15-cv-03403-PJH |
|---|---|
| Plaintiff, | **DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S RULE 12(b)(6) MOTION TO DISMISS** |
| vs. | |
| APPLE INC, et al., | Hearing Date: September 30, 2015 |
| Defendants. | Time:         9:00 a.m.<br>Courtroom:  3 - 3rd Floor<br>Judge:       Hon. Phyllis J. Hamilton |

73054139v1

**NOTICE OF MOTION AND MOTION TO DISMISS**

Please take notice that on September 30, 2015 at 9:00 a.m., in the courtroom of the Honorable Phyllis J. Hamilton, in the United States District Court for the Northern District of California, located at the Ronald V. Dellums Federal Building & United States Courthouse, Courtroom 3, 1301 Clay Street, Oakland, CA 94612, Defendant Samsung Electronics America, Inc. ("SEA") will and hereby does move for an order dismissing with prejudice the claims Plaintiff Free Kick Master LLC ("Plaintiff") asserts against SEA in the Second Amended Complaint.

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) and applicable federal and state law. Plaintiff's claims against SEA should be dismissed because the Second Amended Complaint fails to state a claim upon which relief can be granted against SEA. Such dismissal should be with prejudice because there is no reasonable possibility that Plaintiff will be able to amend the Second Amended Complaint to state a claim upon which relief can be granted against SEA.

Dated:  August 20, 2015                                      ARNOLD & PORTER LLP


By:      /s/  John C. Ulin
John C. Ulin (No. 165524)
*john.ulin@aporter.com*
Jacob K. Poorman (No. 262261)
*jacob.poorman@aporter.com*
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone:  213.243.4000
Facsimile:  213.243.4199

*Attorneys for Defendant Samsung Electronics America, Inc.*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

With its Second Amended Complaint ("SAC"), Plaintiff Free Kick Master LLC ("Plaintiff") has now tried and failed three times to state a valid claim against Defendant Samsung Electronics America, Inc. ("SEA"). The same essential problem has pervaded all three complaints -- Plaintiff has repeatedly failed to allege that SEA actually used the FREE KICK MASTER trademark in commerce or advertising. Instead, Plaintiff seeks to impose liability on SEA for selling mobile devices that some purchasers allegedly use to download infringing electronic games from third-party websites. Those allegations, regardless of their merits, fail to establish any of Plaintiff's purported claims against SEA, which Plaintiff does not (and cannot) allege has any part in creating or distributing the allegedly infringing games. SEA identified this fatal pleading defect in its motion to dismiss the First Amended Complaint ("FAC"), but Plaintiff still has not cured the problem because it evidently is unable to do so. In short, the SAC does not state a single claim against SEA, and it would be futile to permit Plaintiff a fourth bite at the apple. Plaintiff's SAC against SEA should therefore be dismissed with prejudice.

## II. BACKGROUND

Plaintiff asserts ownership of the FREE-KICK MASTER trademark. SAC ¶¶ 14-16. Plaintiff claims that a "FREE KICK MASTER event was held on July 6, 2008 in Reliant Stadium in Houston Texas," (SAC ¶ 26) but does not otherwise allege that it has actually used the mark in commerce since that time. The SAC identifies planned FREE KICK MASTER events in 2008, 2012, 2013 and 2014 (SAC ¶¶ 28-32), but none that actually got off the ground. Plaintiff also claims to have been involved in the development of a "Free Kick Masters Junior" electronic game (SAC ¶ 30), but the exhibits to the SAC reveal that the FREE KICK MASTER JUNIOR trademark is owned by a third party that is not involved in this case and that mark is likewise not asserted here. SAC, Exhibit 4 (FREE KICK MASTER JUNIOR MARK owned by "Free Kick Master Jr. LLC").

The entirety of Plaintiff's allegations about SEA's purportedly actionable conduct is contained in two paragraphs of the SAC. Specifically, Plaintiff, following through on its offer to

amend the FAC in light of certain exhibits attached to its opposition to SEA's motion to dismiss that pleading, alleges:

> 22.  Upon information and belief, Defendant Samsung sells many electronic devices and products on the internet and in stores and electronics outlets.
>
> 23.  Defendant Samsung advertises downloads of the "Free Kick Master" Android game.  It even offers the downloads for free.  (See Exhibit VIII).  In particular, the first and second pages of Exhibit VIII features "Free Kick Master League for Samsung" along with a picture of a soccer ball and net and a button for immediate download to a Samsung phone.

SAC at ¶¶ 21-22.

Plaintiff refers to Exhibit VIII to the SAC as "evidence" of SEA's advertising and offering downloads of the Free Kick Master game for free.  Exhibit VIII appears to be a partial printout of pages from the website "app4samsung.com."  Plaintiff does not allege that "app4samsung.com" is operated by SEA.  Nor could it.  Exhibit II to Plaintiff's opposition to SEA's Motion to Dismiss the FAC is a more complete printout of the same web page reflected in Exhibit VIII to the SAC.  Plaintiff's Response to SEA's Motion to Transfer, or, in the Alternative, to Dismiss, Exhibit II (Dkt. No. 31).  That document reveals that the website Plaintiff identifies as advertising allegedly infringing Free Kick Master games for Samsung phones is operated by an entity called "App4Samsung" and not by SEA.  *Id*.  That may explain why the final page of the printout was omitted from Exhibit VIII to the SAC.  Regardless, when stripped of assertions that are contradicted by the documents that Plaintiff chose to make part of the record, Plaintiff's allegations against SEA are that SEA sells electronic devices that some consumers may use to download allegedly infringing games created by third parties from third party websites.

Notwithstanding its failure to allege any involvement by SEA in the creation, distribution or sale of the allegedly infringing electronic games, Plaintiff asserts six claims against SEA: (1) trademark infringement under the Lanham Act, 15 U.S.C. § 1114; (2) false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a); (3) "Injunctive Relief"; (4) trademark infringement under California state law; (5) violations of California's Unfair Competition Law, Cal. Bus. & Prof.

Code Sec. 17200, *et seq.* (the "UCL"); and (6) violations of California's False Advertising Law, Cal. Bus. & Prof. Code Sec. 17500, *et seq.* (the "FAL").

### III.     PROCEDURAL POSTURE

Plaintiff filed this action, in the Northern District of Ohio, on April 14, 2015. Complaint (Dkt. No. 1). Plaintiff then amended its Complaint on May 12, 2015, naming "Apple," "Amazon," "Google" and "Samsung Electronics USA" as defendants. FAC (Dkt. No. 11). Each Defendant responded to the FAC by filing motions to transfer, or, alternatively, to dismiss for failure to state a claim. Apple, Inc.'s Motion to Transfer Venue, or, Alternatively, to Dismiss (Dkt. No. 16); Amazon.com, Inc.'s and Google, Inc.'s Motion to Transfer Venue, or, Alternatively, to Dismiss (Dkt. No.17); SEA's Motion to Transfer Venue, or, Alternatively, to Dismiss (Dkt. No. 29). In its motion to dismiss, SEA demonstrated, among other things, that Plaintiff had failed to allege that SEA actually used the FREE-KICK MASTER trademark, as opposed to merely selling mobile devices that others allegedly used to download infringing games from third party websites. SEA's Motion to Transfer Venue, or, Alternatively, to Dismiss at 12-14. In response to SEA's motion, Plaintiff offered to amend its complaint again to reflect exhibits it submitted with its opposition brief. Plaintiff's Response to SEA's Motion to Transfer, or, in the Alternative, to Dismiss at 8 (Dkt. No. 31). These exhibits included printouts of pages from third-party websites purporting to offer the ability to download mobile games created by other third parties onto Samsung-branded devices. *Id.* at Exhibit II. The material Plaintiff submitted with the SAC as Exhibit VIII is a portion of the printouts that made up Exhibit II to Plaintiff's opposition to SEA's initial motion to dismiss. On July 21, 2015, the Northern District of Ohio granted Defendants' motions to transfer the case to this court. July 21, 2015 Order (Dkt. No. 40). That order did not address the motions to dismiss the FAC. *Id*. After transfer to this Court, Plaintiff, in apparent recognition of the deficiencies in its complaint, moved to amend a second time, and Defendants stipulated to Plaintiff's motion.

## IV. ARGUMENT

### A. The SAC's Claims Against SEA Should Be Dismissed For Failure To State A Claim

The SAC seeks to impose trademark liability on SEA for selling mobile devices that certain purchasers may have used to download infringing games from third-party websites. Because Plaintiff does not sufficiently allege involvement by SEA in the creation, advertising, distribution or sale of the allegedly infringing games, the SAC's claims against SEA must be dismissed for failure to state a claim. Moreover, because Plaintiff has now failed in three chances to plead an actionable claim against SEA, the SAC's claims against SEA should be dismissed with prejudice.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ottovich v. City of Fremont*, 2010 WL 963470, at *2 (N.D. Cal. March 16, 2010), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard ensures that defendants have fair notice of the grounds of the claims against them and "prevents plaintiffs from launching a case into discovery . . . 'when there is no reasonable likelihood that [they] can construct a claim from the events related in the complaint.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007); *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).

#### 1. The SAC Does Not Adequately Allege Any Of Plaintiff's Claims Against SEA

Plaintiff has failed to allege facts that would support any actionable claim for relief against SEA. At the most fundamental level, Plaintiff has failed to allege that SEA actually used its trademark, which is an obvious and essential element of each of Plaintiff's claims. Specifically:

- **Federal Trademark Infringement:** Under the Lanham Act, federal trademark infringement requires use of a mark in commerce in connection with the sale, offering for sale, distribution or advertising of goods or services. 15 U.S.C. § 1114(1)(a); *see Brookfield Commc'ns v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999) (to establish trademark infringement under the Lanham Act, plaintiff "must establish that [defendant] is using a mark confusingly similar to a valid, protectable mark of [plaintiff's].");

- **False Designation of Origin:** Although they are distinct claims, the elements of trademark infringement under Section 32 of the Lanham Act (15 U.S.C. § 1114) and false designation of origin under Section 43(a) (15 U.S.C. § 1125(a)) are identical and both require proof that a defendant has actually used plaintiff's mark. *Id.* at 1046 n.6; *accord Philip Morris USA Inc. v. Liu*, 489 F. Supp. 2d 1119, 1121-22 (C.D. Cal. 2007);

- **Common Law Trademark Infringement:** Common law trademark infringement has the same elements as federal trademark infringement, including a requirement that plaintiff plead and prove actionable use of its trademark by each defendant. *See Kythera Biopharmaceuticals v. Lithera, Inc.*, 998 F. Supp. 2d 890, 897 (C.D. Cal. 2014) ("The tests for infringement of a federally registered mark under § 32(1), 15 U.S.C. § 1114(1), infringement of a common law trademark, unfair competition under § 43(a), 15 U.S.C. § 1125(a), and common law unfair competition involving trademarks are the same.") (quoting *Grey v. Campbell Soup Co.*, 650 F. Supp. 1166, 1173 (C.D. Cal. 1986));

- **California Unfair Competition Law:** Plaintiff's UCL claim is expressly dependent on its Lanham Act and common law trademark claims. The UCL prohibits "unlawful, unfair or fraudulent" business practices. *See* Cal. Bus. & Prof. Code § 17200. Plaintiff identifies the challenged business practices in this case as "Defendants' violations of Federal Law (15 USC 1114, et seq. and 15 USC 1125 et seq.) and State of California common law as alleged above in this Complaint . . . ." SAC ¶ 54. As noted above, each of those alleged "violations" requires Plaintiff to plead and prove that SEA actually used its trademark in commerce, which is therefore also an element of its UCL claim. *See Kythera Biopharmaceuticals*, 998 F. Supp. 2d at 897; and

- **California False Advertising Law:** The FAL makes it unlawful for a defendant to "make or disseminate" any false statement in advertising in connection with the disposition of property or services. *See* Cal. Bus. & Prof. Code § 17500. To establish a claim, a plaintiff must therefore plead and ultimately prove that the defendant actually made the challenged statements in advertising.[1]

### 2. The SAC Fails To Allege That SEA Used The FREE-KICK MASTER Mark In Commerce Or Advertising

The SAC's allegations concerning SEA's alleged use of the FREE-KICK MASTER mark fail to establish that SEA actually used the mark in commerce or advertising. As a result, all five of Plaintiff's substantive claims against SEA must be dismissed.[2]

Plaintiff's allegations regarding SEA's purported use of the mark contrast sharply with its allegations regarding SEA's co-Defendants. Plaintiff alleges that each of the other Defendants "operate" a service from which applications can be downloaded. *See* SAC ¶¶ 17 ("Defendant Apple (I-Tune) operates a business called the 'App Store' . . . a service that allows users to download applications . . . "); 19 ("Defendant Amazon operates a marketplace, the 'Amazon Appstore,'

---

[1] The theory of Plaintiff's FAL claim in this case appears to be that SEA's alleged advertisements are "misleading" because SEA supposedly uses Plaintiff's mark in connection with mobile games that are not actually connected with Plaintiff. In this way, Plaintiff's FAL claim is also dependent on allegation and proof that SEA actually used Plaintiff's mark.

[2] Plaintiff's remaining "claim," for injunctive relief, is not a claim at all and should be dismissed for that reason. *Mulato v. WMC Mortg. Co.*, 2009 WL 3561536, at *8 (N. D. Cal. Oct. 27, 2009) ("Plaintiff's claim for injunctive relief against Chase is dismissed with prejudice because injunctive relief is a remedy, not a cause of action . . . .").

through which owners of Kindle 'Fire' devices can purchase programs or 'apps' to use with those devices."); 20 ("Defendant Google, Inc., operates Google Play, a distribution platform that was created and operates to serve [as] . . . an online store to purchase applications for the Android operating system."). The SAC contains no such allegations against SEA. Rather, the SAC alleges that SEA "sells many electronic devices and products on the internet and in stores and electronic outlets," "advertises downloads of the 'Free Kick Master' Android game," and "offers" downloads of the Free Kick Master application. SAC ¶¶ 21-22.

The allegation that SEA sells electronic devices and products provides no support for Plaintiff's claims. Even if one assumes that some consumers who purchased electronic devices from SEA downloaded the allegedly infringing Free Kick Master application onto those devices from third-party websites (which Plaintiff has not actually alleged), SEA's involvement in that chain of events is far too attenuated to give rise to liability. *See Sony Corp. of America v. Universal Studios, Inc.* 464 U.S. 417, 442 (1984) ("the sale of copying equipment, like the sale of other articles of commerce, does not constitute contributory infringement if . . . it is capable of substantial noninfringing uses") (applying copyright law); *id.* at 468 n. 19 (if the "narrow standard for contributory trademark infringement governed here, respondents' claim of contributory infringement would merit little discussion"); *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 799-800 (9th Cir. 2007) (Rejecting copyright liability based on findings that: "The actual display, location, and distribution of infringing images in this case occurs on websites . . . The *websites* are the 'site ' of the infringement . . . Defendants do not create, operate, advertise or otherwise promote these websites.") (emphasis in original).[3]

The allegations that SEA "advertises" and "offers" downloads of the Free Kick Master application likewise cannot support liability because they are contradicted by the materials Plaintiff

---

[3] The SAC does not even contain a bare allegation that SEA bears contributory trademark liability for any allegedly infringing acts by others, let alone allegations that would be sufficient to state a claim. In any event, that theory of liability is inapplicable here. *See Perfect 10*, 494 F.3d at 807 ("To be liable for contributory trademark infringement, a defendant must have (1) 'intentionally induced' the primary infringer to infringe, or (2) continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied.'") (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 855 (1982).

attached to the SAC. Plaintiff purports to base its allegation that SEA advertises and offers downloads of the Free Kick Master application on Exhibit VIII to the SAC. As noted above, Exhibit VIII is a partial printout from the website "app4samsung.com" that appears to offer the ability to download the application onto Samsung devices. However, Plaintiff cannot allege that either the website or the application has any connection to SEA (or any other Samsung entity). Exhibit VIII makes clear that the application was developed by a company called GameJoy Inc., which Plaintiff does not allege has any affiliation with SEA. In addition, the more complete version of the screenshots that comprise Exhibit VIII, which Plaintiff submitted in opposition to SEA's initial motion to dismiss the FAC, reveal that the "app4samsung" website is similarly operated by a third party that Plaintiff does not, and cannot, allege has any affiliation with SEA.

Taken together, the SAC and its Exhibits thus reveal that Plaintiff seeks to impose liability on SEA when it has not actually alleged that SEA used the Free Kick Master trademark or advertised infringing games, as opposed to merely selling mobile devices that certain consumers allegedly used to download infringing games from third-party websites. Plaintiff's inability to allege that SEA actually used its mark in commerce or advertising is fatal to each of its claims for relief against SEA and those claims must therefore be dismissed in their entirety. Moreover, because the SAC represents Plaintiff's third failed effort to state an actionable claim against SEA -- even after SEA highlighted the deficiencies in Plaintiff's claims in its initial motion to dismiss -- the Court should dismiss Plaintiff's claims against SEA with prejudice.[4] *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("'[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.'") (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (alteration in original); *Putney v. Permanente Med. Grp., Inc.*, 2015 WL 1090417, at *4 (N.D. Cal. March 12,

---

[4] Plaintiff's allegation that its "attempts to communicate" with "Samsung" regarding this matter "have been ignored" is irrelevant and, at best, misleading. *See* SAC ¶ 33. Plaintiff's attempt to communicate with Samsung evidently consisted of a single letter, sent in 2011, complaining about the applications "Free Kick Legends" and "Free Kick Carnival." *Id.*, Exhibit XVIII. Plaintiff has never alleged that those apps are at issue in this litigation, and it is highly doubtful that such applications would infringe the FREE-KICK MASTER mark, in any event, in light of the ubiquitous and generic nature of the term "free kick."

2015) ("Because this is Plaintiff's third attempt to state a claim . . . and she has failed each time, leave to amend would be futile.").

## V. CONCLUSION

For the foregoing reasons, Plaintiff's claims against SEA should be dismissed with prejudice.

Dated:  August 20, 2015

Respectfully submitted,

/s/  John C. Ulin
John C. Ulin
*john.ulin@aporter.com*
Jacob K. Poorman
*jacob.poorman@aporter.com*
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California  90017-5844
Telephone:  213.243-4000
Facsimile:  213.243.4199

*Attorneys for Defendant*
*Samsung Electronics America, Inc.*