UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FREE KICK MASTER LLC,

    Plaintiff,

    v.

APPLE INC., et al.,

    Defendants.

Case No. 15-cv-03403-PJH

**ORDER GRANTING MOTIONS TO DISMISS**

Defendants' motions to dismiss the second amended complaint ("SAC") for failure to state a claim came on for hearing before this court on September 30, 2015. Plaintiff Free Kick Master LLC ("Free Kick Master") appeared by its counsel Val Schurowliew, Stanley Josselson, and Eugene Alkana; defendants Amazon.com, Inc. ("Amazon") and Google, Inc. ("Google") appeared by their counsel Michael Page; and defendant Samsung Electronics USA ("Samsung USA") appeared by its counsel John Ulin. (Defendant Apple, Inc. did not move for dismissal.) Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motions as follows.

## BACKGROUND

Plaintiff Free Kick Master is a Nevada limited liability company, and the owner of the registered "Free Kick Master" mark. SAC ¶¶ 10-14. Plaintiff alleges that the Apple AppStore offers a "Free Kick Master" application ("app") or game for downloading to Apple devices; that the Amazon AppStore offers a "Free Kick Master" app or game for

downloading to Kindle Fire devices; that Google Play offers a "Free Kick Master" app or game for downloading to Android devices; and that Samsung advertises downloads of a "Free Kick Master" app or game to Android devices and offers the downloads for free. SAC ¶¶ 17-22.

Plaintiff asserts that the defendants' use, sale, distribution, and/or promotion of these "Free Kick Master" apps/games is without authorization or consent from plaintiff and constitutes infringement of plaintiff's trademark; and that it also causes a likelihood of confusion, mistake, or deception in the minds of the public because its "Free Kick Master" mark is identical to the names of the apps or games marketed and/or distributed by the four defendants. SAC ¶¶ 23-25.

Plaintiff contends that it held a "Free Kick Master event" in July 2008 in Houston TX, at which various famous soccer players appeared, and which was televised internationally. SAC ¶ 26. Plaintiff asserts that it held additional events in 2010 in Las Vegas NV, and in 2012 in Buenos Aires, Argentina. SAC ¶¶ 28-29. Plaintiff alleges that the format and rules of the apps/games that are available on defendants' sites are similar to the format and rules utilized in plaintiff's "Free Kick Master" game and events, and that it has developed products based on the "Free Kick Master" events, including electronic and board games and watches. See SAC ¶¶ 27-33.

Plaintiff filed the original complaint in this action on April 14, 2015, in the Northern District of Ohio, alleging trademark infringement under federal law, and deceptive trade practices and unfair competition under Ohio law. Plaintiff filed a first amended complaint on May 12, 2015. Defendants filed motions to transfer venue, or in the alternative, to dismiss for failure to state a claim. On July 21, 2015, the Ohio court issued an order granting the motion to transfer venue to this district. The court did not rule on the alternative motions to dismiss.

After the case was transferred, the parties stipulated to the filing of the SAC. In the SAC, plaintiff alleges six causes of action: (1) trademark infringement under the Lanham Act, 15 U.S.C. § 1114; (2) false designation of origin under the Lanham Act, 15

2

1  U.S.C. § 1125(a)); (3) injunctive relief; (4) trademark infringement under California law;
2  (5) unfair, unlawful, and fraudulent business practices under Cal. Bus. & Prof. Code
3  § 17200; and (6) false advertising under Cal. Bus. & Prof Code § 17500.  It appears that
4  the six causes of action are asserted against all four defendants.

## DISCUSSION

A.    Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  Review is generally limited to the contents of the complaint, although the court can also consider a document on which the complaint relies if the document is central to the claims asserted in the complaint, and no party questions the authenticity of the document.  See Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007).

To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2)

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); see also In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

The allegations in the complaint "must be enough to raise a right to relief above the speculative level[,]" and a motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007) (citations and quotations omitted).

1    A claim has facial plausibility when the plaintiff pleads factual content that allows the
2    court to draw the reasonable inference that the defendant is liable for the misconduct
3    alleged." Iqbal, 556 U.S. at 678 (citation omitted).  "[W]here the well-pleaded facts do not
4    permit the court to infer more than the mere possibility of misconduct, the complaint has
5    alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679.
6    Where dismissal is warranted, it is generally without prejudice, unless it is clear the
7    complaint cannot be saved by any amendment. Sparling v. Daou, 411 F.3d 1006, 1013
8    (9th Cir. 2005).

9    B.    Defendants' Motions

10         1.    Amazon/Google's motion

11   In their joint motion, Amazon and Google argue that the claims asserted against
12   them in the SAC should be dismissed for failure to state a claim.  Amazon/Google argue
13   that the first and second (federal trademark) causes of action must be dismissed because
14   plaintiff is instead seeking to hold Amazon/Google liable for alleged infringements by
15   third-party app developers, but does not allege that either Amazon or Google knew of the
16   alleged infringement.

17   Plaintiff asserts trademark infringement claims under 15 U.S.C. § 1114 and
18   § 1125(a).  Under 15 U.S.C. § 1114, a defendant is liable in a civil action if he/she/it,
19   without the consent of the registrant, uses in commerce an imitation of a registered mark
20   in connection with goods or services which is likely to cause confusion, mistake, or to
21   deceive. See 15 U.S.C. § 1114.

22   Under 15 U.S.C. § 1125(a), a defendant is liable in a civil action if he/she/it uses in
23   commerce, in connection with goods or services, any word, term, name, symbol, or
24   device, or any false designation of origin or false or misleading description or
25   representation of fact, which is likely to cause confusion or mistake, or to deceive as to
26   the affiliation, connection, or association of such person with another person, or as to the
27   origin, sponsorship, or approval of his or her goods, services, or commercial activities by
28   another person, or in commercial advertising or promotion, misrepresents the nature,

1  characteristics, qualities, or geographic origin of his or her or another person's goods,
2  services, or commercial activities.
3     Thus, to establish a claim of direct trademark infringement, a plaintiff must show
4  (1) it has valid, protectable trademarks, and (2) that defendant's use of the marks in
5  commerce is likely to cause confusion.  See, e.g., Applied Info. Sciences Corp. v. eBay,
6  Inc., 511 F.3d 966, 969 (9th Cir. 2007).  There is no allegation in the SAC that the
7  defendants themselves used the "Free Kick Master" mark in commerce.  Rather, the
8  trademark infringement claims can only be interpreted as claims of contributory
9  infringement.
10     A manufacturer or distributor can be held liable for the infringing acts of another if
11  it "intentionally induces another to infringe a trademark, or if it continues to supply its
12  product to one whom it knows or has reason to know is engaging in trademark
13  infringement."  Inwood Labs, Inc. v. Ives Labs, Inc., 456 U.S. 844, 853 (1982).  The Ninth
14  Circuit has expanded this rule to impose liability on those who continue to supply a
15  service (as opposed to a product) to one known to be using it in an infringing manner, so
16  long as the service provider is also shown to have "[d]irect control and monitoring of the
17  instrumentality used by a third party to infringe . . . ."  Lockheed Martin Corp. v. Network
18  Solutions, Inc., 194 F.3d 980, 984 (9th Cir. 1999).
19     Amazon/Google argue that the first and second causes of action fail to state a
20  claim for contributory infringement because plaintiff alleges no facts showing that they
21  continued to supply their services to third-party app developers engaged in infringement
22  after learning of that infringement.  Indeed, they assert, the SAC alleges no facts showing
23  that Amazon/Google had any notice regarding the alleged infringement prior to the filing
24  of this lawsuit.
25     Amazon/Google argue in addition that the fourth, fifth, and sixth (state law) causes
26  of action are barred by § 230 of the Communications Decency Act ("CDA"), 47 U.S.C.
27  § 230.  They contend that the allegations relating to these claims show that the claims
28  are based on the actions of third party app developers, not any actions of Amazon or

Google.

The fourth cause of action alleges trademark infringement under California law, based on the same allegations as the federal trademark claims. See SAC ¶¶ 19, 20, 49. The fifth cause of action alleges that defendants' conduct "as alleged" constitutes unfair, unlawful, and fraudulent business acts or practices in violation of § 17200, and that the alleged violation of federal law and California common law constitutes an unlawful business practice in violation of § 17200. SAC ¶¶ 53-54. The sixth cause of action alleges that defendants acted with intent to sell, distribute and/or provide free of charge the apps/games bearing the "Free Kick Master" name and to lead the public to believe that plaintiff is the developer, provider, and/or licensor of the "Free Kick Master" trade name," thereby engaging in false advertising in violation of § 17500. SAC ¶¶ 57-58.

The goal of the CDA is to promote the continued development of the Internet and other interactive computer services. 47 U.S.C. § 230(b)(1); see also Perfect 10 Inc. v. CCBill LLC, 488 F.3d 1102, 1118 (9th Cir. 2007). The CDA provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C § 230(c)(1). Thus, § 230 of the CDA "immunizes providers of interactive computer services against liability arising from content created by third parties." Fair Housing Council of San Fernando Valley v. Roommates.com, LLC, 521 F.3d 1157, 1162 (9th Cir. 2008) (en banc); Perfect 10, 488 F.3d at 1118; Carafano v. Metrosplash, Inc., 339 F.3d 1119, 1122 (9th Cir. 2001).

Ultimately, a defendant is entitled to § 230 protection as long as (1) it is a provider or user of an "interactive computer service," (2) the asserted claims "treat the defendant as a publisher or speaker of information," and (3) the challenged communication is "information provided by another content provider." Batzel v. Smith, 333 F.3d 1018, 1037 (9th Cir. 2003). An "information content provider" is defined as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3).

1  "So long as a third party willingly provides the essential published content, the interactive
2  service provider receives full immunity regardless of the editing or selection process."
3  Carafano, 339 F.3d at 1124.
4        Amazon/Google assert that plaintiff's California law claims fall within § 230's ambit.
5  They contend that the Amazon and Google app stores are paradigmatic interactive
6  computer services, as they are websites from which customers can locate and download
7  apps developed, written, and branded by third parties.  See, e.g., Jurin v. Google Inc.,
8  695 F.Supp. 2d 1117, 1123 (E.D. Cal. 2010) (Google immune under § 230 for third-party
9  trademark use, dismissing claims under §§ 17200 and 17500); Evans v. Hewlett-Packard
10 Co., 2013 WL 5594717 at *4 (N.D. Cal. Oct. 10, 2013) (state-law claims based on sale of
11 app developed by third party and offered for sale on defendants' former app store held
12 preempted by CDA).
13       Amazon/Google argue that the SAC includes no allegations that either of them
14 had any role whatsoever in the creation of the apps at issue, the choice of name for those
15 apps, or any other action that would place either defendant in the role of speaker or
16 author of the accused products.
17       In opposition, with regard to the motion to dismiss the federal trademark causes of
18 action, plaintiff asserts that it "made factual allegations regarding Amazon's and Google's
19 use of its trademark and/or placement of goods/services using its trademark on their
20 website."  Plaintiff's Opposition ("Opp.") at 7.  Plaintiff claims that it "supplemented these
21 allegations with actual exhibits taken off the internet to demonstrate why such uses by
22 the [d]efendants were not 'speculative' or theoretical, but actually existed on real
23 webpages."  Id.
24       With regard to the argument that plaintiff failed to allege that Amazon or Google
25 had any "knowledge," plaintiff asserts that defendants have "ignore[d]" the allegation that
26 "[u]pon information and belief, [d]efendants' acts have been willful, deliberate, and
27 intended to interfere with [p]laintiff's use of the Free Kick Master mark."  Opp. at 7-8
28 (quoting language in SAC ¶ 36).  Plaintiff contends that "it would probably be informative

7

1  for all concerned for [p]laintiff to address the extent of knowledge and control
2  [d]efendants Amazon and Google had or should have had about the character of the
3  products (including infringements) they advertised and provided to the public." Opp. at 8.
4       Following this, plaintiff devotes four pages of the opposition to a discussion of
5  certain statements that appear in documents attached to the opposition brief as Exhibits
6  1-5. Because these exhibits are neither referenced in nor attached to the SAC, the court
7  cannot consider them on a Rule 12(b)(6) motion. See generally Marder v. Lopez, 450
8  F.3d 445, 448 (9th Cir.2006).
9       With regard to the argument that the state law claims are barred by application of
10  the CDA, plaintiff asserts that a website operator can be both a "service provider" and a
11  "content provider." In support, plaintiff cites Fair Housing Council, 521 F.3d at 1162-63,
12  for the proposition that a website operator that "passively displays content that is created
13  entirely by third parties" is only a service provider with respect to that content," but as to
14  content that it creates itself, or is "responsible, in whole or in part," for creating or
15  developing, the website is also a content provider."
16       Plaintiff contends that just as the court in Fair Housing Council found no immunity
17  because the defendant Roomates.com had contributed to the alleged illegality
18  (discrimination in housing) by engaging in a collaborative effort with the subscribers
19  (persons advertising for roommates) in setting up their profiles, the defendants in this
20  case have profited from the alleged trademark infringement, and in addition have
21  collaborated by

> promise[ing] to promote the apps and programs (using various "commerce and marketing features" and "recommendations" to consumers); approve[ing] the apps; mak[ing ] certain that the apps work as outlined and that the apps do not impair the host devices; test[ing] the apps for compatibility and on real devices; and supplement[ing] the binary code of the apps with its own binary code.

Opp. at 14. In short, plaintiff's position appears to be that their state law claims are not barred because defendants are not mere "service providers" and there is thus no CDA immunity available.

8

Plaintiff makes one further argument – that the state law claims cannot be dismissed, under the "intellectual property" exception in 47 U.S.C. § 230(e)(2). That section provides that "[n]othing in this section shall be construed to limit or expand any law pertaining to intellectual property." Plaintiff believes that because the state law claims have the same elements as the federal trademark causes of action, they are therefore "substantially congruent" to the Lanham Act claims and for that reason cannot be dismissed. Plaintiff also refers in this discussion to preemption by the Lanham Act, although that reference is unclear, as Amazon/Google have not argued preemption under any theory.

The court finds that the motion must be GRANTED. With regard to the Lanham Act claims, the SAC refers to "defendants' use of the Free Kick Master mark," SAC ¶¶ 35, 40, but alleges no facts showing that Amazon or Google in fact "used" the mark or that that "use" created a likelihood of confusion. Indeed, plaintiff has effectively conceded that it cannot state a claim of direct infringement against Amazon or Google.

The SAC does not mention contributory infringement, but that is the claim to which plaintiff appears to be directing its arguments in the opposition. As noted above, the U.S. Supreme Court has recognized contributory trademark infringement, which occurs when "a manufacturer or distributor intentionally induces another to infringe a trademark, or if it continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement." Inwood, 456 U.S. at 854.

To state a claim for contributory trademark infringement, a plaintiff must allege that a defendant "(1) intentionally induce[d] another to infringe on a trademark or (2) continue[d] to supply a product knowing that the recipient [wa]s using the product to engage in trademark infringement." Fonovisa, Inc. v. Cherry Auction, Inc., 76 F.3d 259, 264 (9th Cir. 1996) (citing Inwood, 456 U.S. at 854-55); see also Louis Vuitton Malletier v. Akanoc Solutions, Inc., 658 F.3d 936, 942 (9th Cir. 2011); Perfect 10, Inc. v. Visa Int'l Service Ass'n, 494 F.3d 788, 806 (9th Cir. 2007). In addition, to the extent a plaintiff alleges that the defendant provided an infringer with a service rather than a product, the

9

1  plaintiff must allege facts showing that the defendant had "[d]irect control and monitoring
2  of the instrumentality used by a third party to infringe the plaintiff's mark." Perfect 10, Inc.
3  v. Visa Int'l Serv. Ass'n, 494 F.3d 788, 807 (9th Cir. 2007) (quoting Lockheed, 194 F.3d at
4  984).

5  The SAC alleges no facts showing that Amazon or Google intentionally induced
6  the third-party developers to infringe plaintiff's mark, or that they knew that the third-party
7  developers' apps/games were infringing plaintiff's mark but continued to allow the
8  infringing apps/games to remain available in the application stores. See Inwood, 456
9  U.S. at 854. Nor does plaintiff allege that either Amazon or Google had notice from
10 plaintiff of its trademark infringement claims (or that plaintiff even attempted to put
11 Amazon or Google on notice), or even that either knew of plaintiff's mark and knew that
12 the third parties' use of the mark was unauthorized.

13 The allegation that defendants' acts have been "willful, deliberate, and intended to
14 interfere with [p]laintiff's use of the Free Kick Master mark" is a legal conclusion that is
15 unsupported by facts, and is not sufficient to state a plausible claim under the
16 Twombly/Iqbal standard. Moreover, the court cannot consider any argument based on
17 the exhibits attached to the opposition, as the documents in those exhibits were not
18 attached to the SAC and were not mentioned in the SAC.

19 Nevertheless, because this is the first time a court has ruled on the adequacy of
20 plaintiff's claims, the court will allow leave to amend the contributory infringement claims,
21 in accordance with the standard set forth above.

22 Second, the court finds that the state law claims are barred by § 230 of the CDA.
23 Although the SAC does not allege facts showing that Amazon or Google is an "internet
24 service provider," plaintiff does not dispute that Amazon/Google are providers of an
25 "interactive computer service." The gravamen of the complaint, however, is that
26 Amazon/Google were directly involved in the alleged infringement because they have
27 content guidelines and rules, or remove some products for violations of those rules, or
28 provide technical assistance to developers. This is insufficient to avoid § 230 immunity.

In the absence of any allegation that Amazon or Google acted as an author of the challenged content – e.g., that either Amazon or Google chose the names of the products, wrote any of the code, or provided encouragement or assistance in the allegedly infringing use of plaintiff's mark on the products, or that either had notice that the third-party use was unlicensed and infringing – § 230 immunity applies.  Because the CDA provides internet service providers with immunity from state-law claims based on "information originating with a third-party user of the service," see Perfect 10, 488 F.3d at 1118, the dismissal of the state law claims is with prejudice.

Plaintiff's argument about the "intellectual property" exception is also without merit. The Ninth Circuit has held that state intellectual property claims against service providers are also precluded by CDA § 230.  See Perfect 10, 488 F.3d at 1119 ("intellectual property" as used in § 230(e)(2) means "federal intellectual property"); see also Perfect 10, Inc. v. Giganews, Inc., 2013 WL 2109963, at *15-16 (C.D. Cal. Mar. 8, 2013) (claims against service providers for violation of publicity rights under California law barred by Section 230).

2. Samsung's motion

Samsung argues that the claims asserted against it should be dismissed for failure to state a claim.  Samsung contends that the dismissal should be with prejudice because this is the third opportunity plaintiff has had to attempt to state a claim, and still is unable to do so.

Samsung asserts that the SAC does not allege facts sufficient to state a claim as to any of the five substantive causes of action.  Specifically, Samsung argues that plaintiff alleges no facts showing that Samsung actually used plaintiff's trademark, which is an essential element of each of plaintiff's claims.

In addition, Samsung contends that the SAC fails to allege facts showing that Samsung used the "Free Kick Master" mark in commerce or advertising.  Samsung argues that the allegation that it "sells many electronic devices and products on the internet and in stores and electronic outlets;" and "advertises downloads of the 'Free Kick

1  Master' Android game" and "offers" downloads of the "Free Kick Master" application, see
2  SAC ¶¶ 21-22, provides no support for plaintiff's claims, because even if one assumes
3  that consumers who purchased those Samsung devices and products went on to
4  download the allegedly infringing "Free Kick Master" apps/games, the connection
5  between Samsung and the alleged infringement would be too attenuated to give rise to
6  liability.

7  Samsung also asserts that allegations that it "advertises" and "offers" downloads
8  of the "Free Kick Master" Android game cannot support liability because such allegations
9  are contradicted by materials plaintiff has attached to the SAC. In particular, Samsung
10 points to SAC Exhibit VIII, a partial printout from the website app4samsung.com, and
11 asserts that plaintiff has not and cannot allege any facts showing that this website has
12 any connection to this Samsung defendant or to any Samsung entity.

13 Samsung contends that taken together, the SAC and the attached exhibits show
14 that plaintiff seeks to impose liability on Samsung notwithstanding its failure to actually
15 allege any facts showing that Samsung used the "Free Kick Master" mark or advertised
16 infringing games/apps, as opposed to merely selling mobile devices that certain
17 consumers allegedly used to download infringing games or apps from third-party
18 websites.

19 With regard to the state law claims, Samsung's primary argument is that the state
20 law claims require a pleading of the same elements as the federal trademark claims, and
21 that the state law claims should be dismissed on the same basis.

22 In opposition, plaintiff contends that it has discovered that app4samsung.com "is
23 not the only provider of Samsung-compatible apps (including versions of 'Free Kick
24 Master')." Opp. at 6. Plaintiff points to several exhibits attached to its opposition brief,
25 which appear to be printouts from third-party websites, and claims that these documents
26 show that the third-party websites "provide and advertise 'Free Kick Master' apps which
27 are compatible with Samsung, Apple, and other devices." Opp. at 7-9. However, plaintiff
28 does not explain in any comprehensible fashion how these documents show Samsung's

12

1  use, distribution, or promotion of "Free Kick Master" apps or games.  Moreover, as

2  explained above with regard to Amazon/Google, in ruling on motion to dismiss for failure

3  to state a claim, the court does not consider documents attached to an opposition if those

4  documents were not previously referenced in the complaint.

5        The court finds that the motion must be GRANTED.  As with the claims asserted

6  against Amazon and Google, plaintiff has now conceded that it is pursuing a theory of

7  contributory trademark infringement – not direct infringement – against Samsung.

8  However, the SAC does not allege facts showing that Samsung intentionally induced any

9  infringement of the "Free Kick Master" mark, or that Samsung supplied a product or

10  service to individuals with knowledge that they were infringing plaintiff's mark.  Nor does

11  the SAC allege any facts showing that Samsung had actual knowledge that any identified

12  third party was engaged in continuing infringement of plaintiff's mark, whether by

13  development of an allegedly infringing application or by offering an allegedly infringing

14  application for download.

15        Samsung opposes granting leave to amend, arguing that if the complaint were

16  amended in the manner plaintiff suggests, it would still not contain sufficient allegations

17  showing that Samsung had the requisite knowledge of specific instances of ongoing

18  infringement by identified individuals or that it monitored and controlled the third-party

19  websites on which allegedly infringing games were sold.  While it is true that the SAC is

20  the third iteration of the complaint that plaintiff has filed, the present motions to dismiss

21  present the first opportunity for a court to rule on the adequacy of the claims.  Thus, while

22  the court is not convinced that plaintiff will be able to allege facts sufficient to state a

23  claim, it will allow plaintiff leave to file a third amended complaint to attempt to plead such

24  a claim.

25        As indicated above with regard to Amazon/Google, to state a claim for contributory

26  trademark infringement, plaintiff must allege facts showing that Samsung USA

27  "intentionally induce[d] another to infringe on a trademark" or "continue[d] to supply a

28  product knowing that the recipient [wa]s using the product to engage in trademark

13

infringement." Fonovisa, 76 F.3d at 264; see also Louis Vuitton, 658 F.3d at 942. In addition, to the extent plaintiff alleges that Samsung USA provided an infringer with a service rather than a product, plaintiff must allege that Samsung USA had "[d]irect control and monitoring of the instrumentality used by a third party to infringe the plaintiff's mark." Perfect 10, Inc., 494 F.3d at 807.

The court also agrees that the state law claims fail to state a claim. Plaintiff's opposition does not address the state law claims. Common law and statutory trademark infringement are merely "specific aspects of unfair competition." Hokto Kinoko Co. v. Concord Farms, Inc., 810 F.Supp. 2d 1013, 1031 (C.D. Cal. 2011) (citing New West Corp. v. NYM Co. of California, Inc., 595 F.2d 1194, 1201 (9th Cir. 1979)); see also Kythera Biopharms., Inc. v. Lithera, Inc., 998 F.Supp. 2d 890, 897 (C.D. Cal. 2014). Put another way, "state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." Cleary v. News Corp., 30 F.3d 1255, 1262-63 (9th Cir. 1994) (citations omitted).

Thus, given that leave to amend is being granted as to the federal trademark claim for contributory infringement, the court will also permit amendment of the common law trademark infringement claim. Leave to amend is also granted as to the § 17200 claim to the extent it alleges an "unlawful" business practice or an "unfair" business practice. However, plaintiff has alleged no facts whatsoever that even hint at any fraudulent activity on the part of any defendant. Thus, the court sees no reason to permit amendment as to the "fraudulent" prong of the § 17200 claim. Finally, the § 17500 claim is not supported by sufficient facts, and leave to amend will also be granted as to that claim.

## CONCLUSION

In accordance with the foregoing, the court finds that the motions must be granted. The first and second causes of action are DISMISSED with prejudice, to the extent that they allege a claim of direct infringement. The first and second causes the action are DISMISSED with leave to amend, to allege a claim of contributory infringement. The

14

third cause of action is DISMISSED with prejudice.[1]  The fourth, fifth, and sixth causes of action asserted against Amazon and Google are DISMISSED with prejudice, based on immunity under § 230 of the CDA.  The fourth, fifth, and sixth causes of action asserted against Samsung USA are DISMISSED with leave to amend.

**IT IS SO ORDERED.**

Dated:  October 19, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[1]  Defendants correctly argue that the third (injunctive relief) cause of action should be dismissed because "injunctive relief" is a remedy, not an independent cause of action. See Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010).  Plaintiff does not oppose this part of the motion.

15