1  DAVID R. EBERHART (S.B. #195474)
   deberhart@omm.com
2  JORDAN RAPHAEL (S.B. #252344)
   jraphael@omm.com
3  TIM BYRON (S.B. #277569)
   tbyron@omm.com
4  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
5  San Francisco, California  94111-3823
   Telephone:    (415) 984-8700
6  Facsimile:    (415) 984-8701

7  Attorneys for Defendant
   APPLE INC.

8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11                  OAKLAND DIVISION

12

13  FREE KICK MASTER, LLC, and FREE KICK       Case No. 4:15-cv-03403-PJH
    MASTER JUNIOR, LLC,
14                                             **NOTICE OF MOTION, MOTION, AND
                    Plaintiffs,                MEMORANDUM IN SUPPORT OF
15                                             DEFENDANT APPLE INC.'S RULE
         v.                                    12(b)(6) MOTION TO DISMISS
16                                             PLAINTIFFS' THIRD AMENDED
    APPLE INC., et al.,                        COMPLAINT**
17
                    Defendants.                Date:    January 13, 2016
18                                             Time:    9:00 a.m.
                                               Judge:   Hon. Phyllis J. Hamilton
19                                                      Courtroom 3, 3rd Floor

20

21

22

23

24

25

26

27

28                                          APPLE'S MOTION TO DISMISS TAC
                                            4:15-CV-03403-PJH

1

**NOTICE OF MOTION AND RELIEF REQUESTED**

2      PLEASE TAKE NOTICE that on January 13, 2016 at 9:00 a.m., or as soon thereafter as

3   the matter may be heard, before the Honorable Phyllis J. Hamilton, Chief Judge of the United

4   States District Court, Northern District of California, 1301 Clay Street, Oakland, California

5   94612, in Courtroom 3, 3rd Floor, the Court will hear argument on Defendant Apple Inc.'s

6   ("Apple") Motion to Dismiss the Third Amended Complaint of Plaintiffs Free Kick Master, LLC

7   ("FKM") and Free Kick Master Junior, LLC ("FKM Jr.") (collectively, "plaintiffs"). Apple's

8   Motion is based on this Notice of Motion and Motion, the Memorandum of Points and

9   Authorities in Support, attached exhibits, any additional briefing, and any additional material that

10   may be elicited at the hearing of this Motion.

11      Pursuant to Federal Rule of Civil Procedure 12(b)(6), Apple requests that the Court

12   dismiss Plaintiff's Third Amended Complaint with prejudice for failure to state a claim upon

13   which relief can be granted.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2
                                                                                                                    **Page**

I.      INTRODUCTION ...................................................................................................... 1

II.     BACKGROUND ....................................................................................................... 2

        A.      Plaintiffs' Allegations ................................................................................. 2

        B.      Procedural History ...................................................................................... 3

III.    ARGUMENT ............................................................................................................ 4

        A.      Plaintiffs Fail To Allege Direct Infringement ............................................ 4

        B.      CDA § 230 Bars Plaintiffs' State Law Claims ........................................... 5

        C.      Plaintiffs' Contributory Trademark Infringement Claim Fails ................... 5

        D.      All Of Plaintiffs' Claims Are Time-Barred ................................................ 7

IV.     CONCLUSION ......................................................................................................... 9

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S MOTION TO DISMISS TAC
                                                                                  4:15-CV-03403-PJH

1

**TABLE OF AUTHORITIES**

2

**Page**

**CASES**

3

*Applied Info. Scis. Corp. v. eBay, Inc.*,
4     511 F.3d 966 (9th Cir. 2007)............................................................................................... 4

5 *Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ......................................................................................................... 6

6
*Au-Tomotive Gold, Inc. v. Volkswagen of Am, Inc.*,
7     603 F.3d 1133 (9th Cir. 2010)........................................................................................... 8

8 *Brown v. Option One Mortg. Corp.*,
    2010 WL 1267774 (N.D. Cal. Apr. 1, 2010) .................................................................... 8

9 *Carafano v. Metrosplash, Inc.*,
    339 F.3d 1119 (9th Cir. 2001)........................................................................................... 5
10
*Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*,
11     521 F.3d 1157 (9th Cir. 2008)........................................................................................... 5

12 *Fitbug Ltd. v. Fitbit, Inc.*,
    78 F. Supp. 3d 1180 (N.D. Cal. 2015) .............................................................................. 8
13
*Fonovisa, Inc. v. Cherry Auction, Inc.*,
14     76 F.3d 259 (9th Cir. 1996)............................................................................................... 5

15 *Hooper v. Lockheed Martin Corp.*,
    688 F.3d 1037 (9th Cir. 2012)........................................................................................... 8

16 *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*,
    304 F.3d 829 (9th Cir. 2002)............................................................................................. 7
17
*Lacey v. Maricopa Cnty.*,
18     693 F.3d 896 (9th Cir. 2012)............................................................................................. 1

19 *Laukus v. Rio Brands, Inc.*,
    292 F.R.D. 485 (N.D. Ohio 2013) .................................................................................... 8
20
*Louis Vuitton Malletier v. Akanoc Solutions, Inc.*,
21     658 F.3d 936 (9th Cir. 2011)............................................................................................. 6

22 *Miller v. Glenn Miller Prods., Inc.*,
    454 F.3d 975 (9th Cir. 2006)............................................................................................. 8

23
*Old Tyme Remedies, LLC v. Amish Origins, LLC*,
24     No. 5:12 CV 03044, 2015 WL 1472056 (N.D. Ohio Mar. 31, 2015) ................................ 8

25 *Perfect 10, Inc. v. CCBill LLC*,
    488 F.3d 1102 (9th Cir. 2007)........................................................................................... 5

26 *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
    494 F.3d 788 (9th Cir. 2007)............................................................................................. 6
27
*Sherwin-Williams Co. v. Wooster Brush Co.*,
28     No. 5:12CV03052, 2015 WL 1471617 (N.D. Ohio Mar. 31, 2015)................................... 8

APPLE'S MOTION TO DISMISS TAC
4:15-CV-03403-PJH

1

**TABLE OF AUTHORITIES**
**(continued)**

2

**Page**

3

**STATUTES**

4

47 U.S.C. § 230 .................................................................................................................... 1, 3, 4, 5

5

Cal. Bus. & Prof. Code § 17200 ................................................................................................. 3, 8

6

Cal. Bus. & Prof. Code § 17208 .................................................................................................... 8

7

Cal. Bus. & Prof. Code § 17500 ................................................................................................. 3, 8

8

Cal. Civ. Proc. Code § 338 ............................................................................................................ 8

**RULES**

9

Fed. R. Civ. P. 12(c) ....................................................................................................................... 2

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S MOTION TO DISMISS TAC
4:15-CV-03403-PJH

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION**

3          Notwithstanding three chances to amend the complaint and clear direction from the Court

4   regarding the necessary allegations, plaintiffs' Third Amended Complaint ("TAC") fails to state a

5   claim against Apple and should be dismissed with prejudice. Five of the six claims in the TAC

6   are identical to claims the Court previously dismissed with prejudice as to other defendants. First,

7   Counts I and II are substantively identical to the dismissed direct infringement and false

8   designation of origin claims against codefendants Google, Inc. ("Google") and Amazon.com, Inc.

9   ("Amazon"). ECF No. 86 at 5, 13. As with those dismissed claims, the claims against Apple are

10  deficiently premised on alleged use of plaintiffs' mark by third-party developers rather than by

11  Apple. Second, plaintiffs' state law claims against Apple (Counts IV through VI) are similarly

12  indistinguishable from claims the Court dismissed with prejudice as barred by Section 230 of the

13  Communications Decency Act, 47 U.S.C. § 230 ("CDA").

14         The remaining claim for contributory infringement (Count III) is also deficient: the Court

15  properly instructed plaintiff that it must allege a defendant either (1) intentionally induced another

16  to infringe a trademark or (2) continued to supply a product or service knowing that the recipient

17  was using it to engage in trademark infringement. ECF No. 86 at 9-10. Despite this clear

18  direction, the TAC does not allege that Apple intentionally induced third-party developers to

19  infringe plaintiffs' marks, nor does it plausibly allege that Apple knew that third-party apps were

20  infringing but continued to allow the apps to remain available in Apple's App Store.

21         Furthermore, new evidence attached to the TAC establishes that ***all*** of plaintiffs' claims

22  are time-barred: the entirety of the TAC concerns alleged wrongdoing known to plaintiffs since at

23  least March 2011. Plaintiffs, however, delayed over four years before commencing suit, and that

24  delay bars all of the claims. As discussed further below, the Court should dismiss all claims

25  against Apple with prejudice.[1]

26

---

27  [1] Plaintiffs' filing of the TAC supersedes the Second Amended Complaint ("SAC"). *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925–28 (9th Cir. 2012). But even if the Court were to consider the SAC to be the operative pleading against Apple, it should be dismissed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for the same reasons specified herein, because "[a]nalysis

28

APPLE'S MOTION TO DISMISS TAC
                                                                                 4:15-CV-03403-PJH

1   **II.      BACKGROUND**

2        **A.      Plaintiffs' Allegations**

3        FKM claims to be the owner, through a series of assignments, of a federal trademark

4   registration for the mark FREE-KICK MASTER for the following services:

5            Production and distribution of television shows and sports movies;
            production of radio and television programs, namely sports
6            programs production; television production; television show
            production; motion picture film production; organization of sports
7            events in the field of football; organizing sporting events, namely
            football games, American football, soccer, hockey and rugby
8            competitions

9   TAC ¶¶ 1, 12-16. TAC Ex. I (ECF No. 89-1). Plaintiffs allege that "[a] FREE KICK MASTER

10  event was held on July 6, 2008 in Reliant Stadium in Houston Texas," TAC ¶ 24, but they do not

11  allege that plaintiffs organized this event or otherwise used the mark in commerce.

12       Apple designs, develops, and sells consumer electronics, consumer software, and online

13  services. Its consumer products include the iPhone® mobile digital device. Its online services

14  include the App Store, an online store allowing users to obtain applications ("apps") developed by

15  third-party developers (as well as a select few apps developed by Apple) for use on iPhones and

16  other Apple devices. Defendants Amazon and Google operate online stores similar to the App

17  Store that allow users to obtain software and games for non-Apple mobile devices. ECF No. 17 at

18  2-3.

19       Plaintiffs contend that a "Free Kick Master" game developed by a ***third-party developer***

20  infringes their trademark rights, and they contend that this game has been available in

21  Defendants' online stores, including Apple's App Store, since 2011. TAC ¶ 35. Plaintiffs allege

22  that this app has been "advertised by ***third parties***" and is similar to the format and rules of the

23  FREE KICK MASTER event that allegedly occurred in 2008. *Id*. ¶ 36 (emphasis added).

24  Plaintiffs contend that third-party developers used "Apple Software" to develop apps to be

25  playable on Apple devices. *Id*. ¶ 38. Plaintiffs allege that because Apple requires apps to meet

26  certain guidelines to be included in the App Store, Apple "should have known, had every reason

27  
    under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6)." *Pit River Tribe v.*
28  *Bureau of Land Mgmt*., 793 F.3d 1147, 1155 (9th Cir. 2015).

APPLE'S MOTION TO DISMISS TAC
                                                                            4:15-CV-03403-PJH

1   to know, and every opportunity to know that it was helping develop, certifying, and marketing

2   infringing products." *Id*. ¶ 46. Plaintiffs also contend that Apple "ignored communications from

3   Plaintiffs' agents." *Id*.

4         **B.**    **Procedural History**

5        Plaintiff FKM commenced this action against Apple, Amazon, Google, and Samsung on

6   April 15, 2015 in the Northern District of Ohio. ECF No. 1. Defendants moved to transfer the

7   action to the Northern District of California, or, in the alternative, dismiss the action for failure to

8   state a claim. ECF Nos. 16, 17, 29. On July 21, 2015, the Northern District of Ohio granted these

9   motions and transferred the case. ECF No. 40. On August 6, 2015, the Court granted FKM's

10  unopposed motion to file a Second Amended Complaint. ECF No. 57. Amazon, Google, and

11  Samsung then moved to dismiss the SAC for failure to state a claim for relief. ECF Nos. 63, 66.

12       On October 19, 2015, the Court granted those motions. ECF No. 86. It dismissed FKM's

13  direct infringement claims against Google, Amazon, and Samsung with prejudice, holding that

14  the SAC alleged no facts showing that the defendants "used" FKM's mark or that "use" created a

15  likelihood of confusion. *Id*. at 9, 14. It dismissed FKM's state law claims against Google and

16  Amazon with prejudice, holding that they were barred by § 230 of the CDA. *Id*. at 10-11. It

17  dismissed FKM's contributory infringement claims with leave to amend. *Id*. at 13-14.

18       On November 16, 2015, plaintiffs filed a TAC. The TAC adds FKM Jr. as a plaintiff and

19  pleads six claims against Apple: (1) federal trademark infringement; (2) federal false designation

20  of origin; (3) federal contributory trademark infringement; (4) state common law trademark

21  infringement; (5) violation of California Bus. & Prof. Code § 17200; and (6) violation of

22  California Bus. & Prof. Code § 17500. TAC ¶¶ 47-87.[2]

23

24

25

---

26  [2] Although plaintiffs allege that FKM Jr. owns U.S. Trademark Registration No. 3,433,938 for a
    design mark featuring the words "Free Kick Master Junior," plaintiffs do not allege that they have
27  ever used this mark in commerce, nor do they allege use of it by Apple or by any third-party
    developers. TAC ¶¶ 19, 29, 33-87. The adding of FKM Jr. as a plaintiff, therefore, is without
28  effect.

APPLE'S MOTION TO DISMISS TAC
                                                                      4:15-CV-03403-PJH

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**III.     ARGUMENT**

      **A.     Plaintiffs Fail To Allege Direct Infringement**

As the Court explained in its October 19, 2015 Order, to establish a claim of direct trademark infringement against Apple, plaintiffs must show that (1) they own a valid, protectable trademark, and (2) Apple's use of the mark in commerce is likely to cause confusion. ECF No. 86 at 5 (*citing Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007)). The Court granted codefendants' motions to dismiss the direct infringement claims in FKM's SAC on the grounds that they contained "no allegation in the SAC that the defendants themselves used the 'Free Kick Master' mark in commerce." ECF No. 86 at 5, 13. The Court held that these claims could "only be interpreted as claims of contributory infringement," as they were premised on the availability of certain games in codefendants' online stores that were developed by ***third-party developers*** rather than by codefendants.  *Id*. Although FKM requested leave from the Court to amend its direct infringement claims to include "more specific" allegations, *see* Sept. 30, 2015 Hearing Tr. at 40:1-16, the Court rejected this request, dismissing them with prejudice. ECF No. 86 at 14-15.

Although the TAC does not assert direct infringement claims against Google, Amazon, or Samsung, plaintiffs continue to assert such claims against Apple. TAC ¶¶ 47-55 (Counts I & II). Those claims are factually indistinguishable from the direct infringement claims the Court dismissed with prejudice in its October 19, 2015 Order: they are premised on apps that plaintiffs allege were developed by "third party developers," not Apple. *Id*. ¶ 58. Plaintiffs contend that Apple should be liable for these third-party apps because (a) they were allegedly available for download in Apple's App Store, and (b) Apple promulgates and enforces quality standards for apps available via its App Store and provides "Apple Software" that third-party developers use to develop apps for Apple devices. *Id*. ¶¶ 34-46. The Court has already held that such allegations do not support a direct infringement claim and "can only be interpreted as claims of contributory infringement." ECF No. 86 at 5. Accordingly, Counts I, II, and IV should be dismissed with

APPLE'S MOTION TO DISMISS TAC
4:15-CV-03403-PJH

1    prejudice. [3]

2              **B.      CDA § 230 Bars Plaintiffs' State Law Claims**

3              As the Court explained in its October 19, 2015 Order (*see* ECF No. 86 at 6-7), the CDA

4    promotes the continued development of the internet and other interactive computer services and

5    provides that "[n]o provider or user of an interactive computer service shall be treated as the

6    publisher or speaker of any information provided by another information content provider."

7    47 U.S.C § 230(c)(1).  It "immunizes providers of interactive computer services against liability

8    arising from content created by third parties." *Fair Hous. Council of San Fernando Valley v.*

9    *Roommates.com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008) (en banc); *Perfect 10, Inc. v. CCBill*

10   *LLC*, 488 F.3d 1102, 1118 (9th Cir. 2007); *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119,

11   1122 (9th Cir. 2003).

12             The TAC includes no allegations that Apple acted as an author of the accused apps.

13   Rather, plaintiffs seemingly contend that Apple contributed to the apps because it has content

14   guidelines and rules for applications available on the App Store, enforces those rules, and

15   provides technical assistance to developers. TAC ¶¶ 38-46. This is insufficient, as the Court noted

16   in its October 19, 2015 Order: "So long as a third party willingly provides the essential published

17   content, the interactive service provider receives full immunity regardless of the editing or

18   selection process." ECF No. 86 at 10 (quoting *Carafano*, 339 F.3d at 1124). Plaintiffs fail to

19   make any allegations that Apple "acted as an author of the challenged content"—*e.g.*, that it

20   "chose the names of the products, wrote any of the code, or provided encouragement or assistance

21   in the allegedly infringing use of plaintiff's mark on the products." ECF No. 86 at 11.

22   Accordingly, the Court should dismiss plaintiffs' state law claims (Counts IV through VI) with

23   prejudice.

24             **C.      Plaintiffs' Contributory Trademark Infringement Claim Fails**

25             As the Court explained in its October 19 Order (*see* ECF No. 86 at 9-10), to hold a

26   defendant liable for actions of an alleged third-party infringer, plaintiffs must allege that the

27   _____

28   [3] Although, as discussed below, Count IV should be dismissed pursuant to CDA § 230, that claim
     also fails to adequately allege direct infringement. TAC ¶¶ 63-69 (Count IV).

APPLE'S MOTION TO DISMISS TAC
                                                                                    4:15-CV-03403-PJH

1  "defendant (1) intentionally induce[d] another to infringe on a trademark or (2) continue[d] to

2  supply a product knowing that the recipient [wa]s using the product to engage in trademark

3  infringement." *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996); *see also*

4  *Louis Vuitton Malletier v. Akanoc Solutions, Inc.*, 658 F.3d 936, 942 (9th Cir. 2011); *Perfect 10,*

5  *Inc. v. Visa Int'l Serv, . Ass'n*, 494 F.3d 788, 806 (9th Cir. 2007). And to survive a motion to

6  dismiss, plaintiffs must support these allegations with "factual content that allows the court to

7  draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

8  *Iqbal*, 556 U.S. 662, 678 (2009). Despite the Court's clear direction, the TAC alleges no facts

9  showing that Apple intentionally induced third-party developers to infringe plaintiffs' marks. Nor

10  does it allege facts supporting the plausible inference that Apple knew that third-party developers'

11  were infringing plaintiffs' mark.

12  Plaintiffs fleetingly allege that Apple "ignored communications from Plaintiffs' agents,"

13  TAC ¶ 46, but they fail to support this claim with sufficient facts. Tellingly, plaintiffs do not

14  allege to have provided Apple with pre-suit notice via a cease-and-desist letter. Nor do plaintiffs

15  allege that they contacted Apple via Apple's website, which provides a simple online form for

16  submitting claims of alleged infringement for content available on the App Store.[4] Rather,

17  plaintiffs attempt to "support" this allegation with the declarations of Slobodan Petrovic, who

18  identifies himself as FKM's director, and Miroslav Nestorovic, who identifies himself as an

19  "official FIFA soccer agent." TAC Ex. XIX (ECF No. 89-21). Mr. Petrovic states that he "was

20  calling by phone, on several occasions, different offices of Google Inc., Apple Inc., Amazon Inc.,

21  Samsung Inc. etc., informing officials to whom I was referred about the fact that their companies

22  were using the trademark and format of Free Kick Master without authorization." *Id*. at 2. He

23  states that "[a]fter quite a few" phone calls, FKM contacted Samsung via counsel on March 9,

24  2011. *Id.*; *see also* TAC Ex. XX (ECF No. 89-22) (March 9, 2011 Letter from Mr. Pesante to

25  Samsung). Mr. Nestorovic declares that he was making such calls "together with Mr. Slobodan

26  Petrovic." TAC Ex. XIX (ECF No. 89-21) at 4.

27

28  ---
[4] *See* https://www.apple.com/legal/contact/.

- 6 -                                                  APPLE'S MOTION TO DISMISS TAC
                                                                4:15-CV-03403-PJH

1    These declarations are too vague in several key respects to plausibly infer that Apple

2    knew third parties were infringing plaintiffs' trademarks. First, they are too vague as to **when**

3    Apple allegedly received notice—Mr. Petrovic does not provide a date of these calls except that

4    they occurred before plaintiffs contacted Samsung's counsel on March 9, 2011; Mr. Nestorovic

5    also does not provide a date, but states that he was calling with Mr. Petrovic. *Id.* Second, they are

6    vague as to **who** Mr. Petrovic and Mr. Nestorovic allegedly contacted—they fail to identify any

7    number they dialed, any individual they reached, or even how they obtained any contact

8    information. Given that Apple and codefendants are global enterprises with tens or hundreds of

9    thousands of employees worldwide, this information is critical to determine whether Apple

10   plausibly had notice of plaintiffs' claims. Third, and perhaps most critical, they are vague as to

11   **what** Mr. Petrovic and Mr. Nestorovic allegedly discussed in these phone calls—neither

12   Mr. Petrovic nor Mr. Nestorovic states, for example, that he identified the allegedly infringing

13   apps in these calls. The TAC and the two statements amount to nothing more than an allegation

14   that plaintiffs gave notice of something to someone at Apple at some time prior to March 2011.

15   Such an allegation does not plead facts; instead, it is a mere elaboration on the element of notice.

16   That allegation should be rejected as failing *Iqbal*'s plausibility standard. Count III should be

17   dismissed with prejudice.

18           **D.      All Of Plaintiffs' Claims Are Time-Barred**

19           Finally, exhibits attached to plaintiffs' TAC establish plaintiffs' knowledge of the alleged

20   infringement before March 9, 2011, and such knowledge renders all of plaintiffs' claims time-

21   barred. Plaintiffs attach to the TAC a letter dated March 9, 2011 from plaintiffs' counsel,

22   Wilfredo Pesante, to Samsung. TAC Ex. XX (ECF No. 89-22). The Petrovic statement declares

23   that Mr. Pesante's letter was sent "[a]fter quite a few telephone conversations" with Apple and

24   the other defendants, and Mr. Nestorovic, who declares he was making these calls with

25   Mr. Petrovic. TAC Ex. XIX (ECF No. 89-21). Plaintiffs thus acknowledge that they were aware

26   of the allegedly infringing app before March 9, 2011, yet they delayed in commencing this action

27   until April 15, 2015. ECF No. 1.

28           In view of these facts, plaintiffs' Lanham Act claims are barred by the doctrine of laches.

APPLE'S MOTION TO DISMISS TAC
4:15-CV-03403-PJH

1   "Laches is an equitable time limitation on a party's right to bring suit" that "rest[s] on the maxim

2   that one who seeks the help of a court of equity must not sleep on his rights." *Jarrow Formulas,*

3   *Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002) (quotation marks omitted). "[I]f any

4   part of the alleged wrongful conduct occurred outside of the limitations period, courts presume

5   that the plaintiff's claims are barred by laches." *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975,

6   997 (9th Cir. 2006). The Lanham Act does not have its own statute of limitations; it borrows the

7   most analogous statute of limitations from state law to calculate laches. *Au-Tomotive Gold Inc. v.*

8   *Volkswagen of Am, Inc.*, 603 F.3d 1133, 1139-40 (9th Cir. 2010). Because this action was

9   originally filed in the Northern District of Ohio, Ohio law provides the most analogous state

10  statute of limitations. *Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1046 (9th Cir. 2012)

11  ("[W]hen a federal statute directs federal courts to borrow the most closely analogous state statute

12  of limitations, a transferee district court must apply the state statute of limitations that the

13  transferor district court would have applied had the case not been transferred"). It is well

14  established that Ohio's most analogous statute for Lanham Act claims provides a two-year

15  limitations period. *Sherwin-Williams Co. v. Wooster Brush Co*., No. 5:12CV03052, 2015 WL

16  1471617, at *8 (N.D. Ohio Mar. 31, 2015); *Laukus v. Rio Brands, Inc*., 292 F.R.D. 485, 492

17  (N.D. Ohio 2013); *Old Tyme Remedies, LLC v. Amish Origins, LLC*, No. 5:12 CV 03044, 2015

18  WL 1472056, at *4 (N.D. Ohio Mar. 31, 2015). Laches is thus presumed to apply unless plaintiffs

19  commenced this action within two years after learning of the alleged infringement in 2011.

20  Because plaintiffs commenced this action more than four years later, laches applies. Furthermore,

21  plaintiffs recite no facts in their TAC that would rebut this presumption—they do not provide a

22  basis for the Court to conclude that plaintiffs' delay was reasonable or unlikely to result in

23  prejudice to Apple and codefendants.[5]

24       Plaintiffs' state law claims are barred by their respective statutes of limitations. Plaintiffs'

25  § 17500 claim is subject to the three-year statute of limitations of § 338 of the California Code of

26  _____

27  [5] If California, rather than Ohio, provided the analogous statute, laches would still apply. Courts
    disagree as to whether California's analogous statute of limitations for trademark claims is two,
    three, or four years, *see Fitbug Ltd. v. Fitbit, Inc.*, 78 F. Supp. 3d 1180, 1190 (N.D. Cal. 2015),

28  but plaintiffs' Lanham Act claims would be untimely under each alternative.

APPLE'S MOTION TO DISMISS TAC
                                                                 4:15-CV-03403-PJH

1    Civil Procedure. *Brown v. Option One Mortg. Corp.*, 2010 WL 1267774, at *3 (N.D. Cal. Apr. 1,

2    2010). Plaintiffs' § 17200 claim is subject to a four-year statute of limitations. Cal. Bus. & Prof.

3    Code § 17208. And although courts disagree as to whether California's statute of limitations for

4    common law trademark claims is two, three, or four years, *see Fitbug*, 78 F. Supp. 3d at 1190,

5    plaintiffs' common law trademark claim is barred under all three statutes.

6          Therefore, all of plaintiffs' claims are time-barred and should be dismissed with prejudice.

7    **IV.    CONCLUSION**

8          For the foregoing reasons, the Court should grant Apple's Motion to Dismiss and dismiss

9    all claims against Apple with prejudice.

10

11         Dated:  November 23, 2015                    By:    */s/ David R. Eberhart*
                                                                David R. Eberhart

12                                                       DAVID R. EBERHART
                                                         JORDAN RAPHAEL
13                                                       TIM BYRON
                                                         O'MELVENY & MYERS LLP

14                                                       Attorneys for Defendant APPLE INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S MOTION TO DISMISS TAC
                                                                          4:15-CV-03403-PJH